Argued and submitted January 13, vacated in part; reversed and remanded
July 9, 2003

Mike TAYLOR,
*Respondent,*

*v.*

Kirk MORRISON,
*Appellant.*

C990709CV; A112983

72 P3d 654

Paul Loney argued the cause and filed the brief for appellant.

Jeffrey Schick argued the cause for respondent. On the brief were Timothy R. Volpert, Jennifer Williamson, and Davis Wright Tremaine LLP.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals an order denying his motion for a satisfaction of judgment and overruling his objections to a supplemental judgment. We vacate the supplemental judgment and reverse and remand for entry of a satisfaction of the judgment.

The relevant facts are not in dispute. The parties entered into an oral contract in the State of Washington. Their contract did not include a provision for an award of attorney fees for enforcement of its terms. In 1997, a dispute arose over the amount that defendant agreed to pay plaintiff, and, as a result, plaintiff initiated an action for breach of contract in King County Superior Court in Washington. Plaintiff ultimately obtained a judgment for $13,950 plus interest. The judgment also included $125 for "Attorney's Fees (Statutory)." *See* Wash Rev Code § 4.84.080(1) (1988) (providing for award of $125 "[i]n all actions where judgment is rendered").

Meanwhile, defendant apparently moved to Oregon. On June 17, 1999, plaintiff registered the King County judgment in Washington County Circuit Court in Oregon. Plaintiff included with the 1997 King County judgment a newly prepared document encaptioned "Judgment Summary." That document, signed by Oregon counsel, recited "Reasonable Attorney Fees: [$]125.00."

Defendant made partial payments on the judgment. On August 1, 2000, plaintiff obtained a writ of continuing garnishment stating that the total amount required to satisfy the judgment is $5,524.87. Pursuant to that writ, defendant's wages were garnished in that amount, leaving a zero balance as to the amount stated in the judgment itself.

On August 22, 2000, however, plaintiff submitted a motion for entry of a supplemental judgment for attorney fees in the amount of $4,252.76, which plaintiff stated had been incurred in enforcing the original judgment. As authority for an award of attorney fees, plaintiff invoked ORS 20.096. Without waiting for a response from defendant, the trial court signed the judgment on August 28, 2000.

On September 5, 2000, defendant submitted a motion for satisfaction of the original judgment and objections to the supplemental judgment. In the supporting affidavit, defendant explained that he had paid all amounts owing under the original judgment and was entitled to a satisfaction. He also asserted that there was no legal basis for a supplemental judgment, as the original judgment had been paid in its entirety and there was no contractual or statutory basis for an award of attorney fees in addition to the $125 permitted by Washington law. ORS 20.096, defendant argued, applies only when the contract specifically provides for an award of attorney fees.

The hearing on defendant's motions took place on November 6, 2000. By that time, the supplemental judgment had been entered. Defendant nevertheless argued that his motion for satisfaction of judgment should be granted and that the supplemental judgment was "an illegal judgment" that "should have never been filed and signed." In response, plaintiff argued that the motion for a satisfaction of judgment should not be granted because the supplemental judgment remained unsatisfied. The lawfulness of that judgment, plaintiff argued, could not be challenged at that point. According to plaintiff, the only proper mechanism for addressing the lawfulness of the supplemental judgment is a motion to set aside pursuant to ORCP 71. In any event, plaintiff added, the supplemental judgment was entirely lawful in that it was based on the judgment summary that accompanied the registration of the original King County judgment, which characterized the original King County judgment as awarding "reasonable" attorney fees in the amount of $125. Plaintiff argued that the use of the term "reasonable" in the judgment summary put defendant on notice that it was entitled to seek additional attorney fees.

The trial court apparently treated defendant's "objections" as a motion to set aside the supplemental judgment under its inherent authority recognized in ORCP 71 C; the court clearly rejected plaintiff's suggestion that it could not entertain such a collateral attack and addressed the parties' arguments on the merits. On the merits, however, the court concluded that plaintiff was correct. It denied the

motion for a satisfaction of judgment and overruled the motion to set aside the supplemental judgment.

On appeal, defendant argues that the trial court erred in denying his motion for a satisfaction of judgment and in failing to set aside the supplemental judgment because the judgment had been erroneously entered without proper notice to him and because there is no legal basis for awarding additional attorney fees. He points out that the contract on which plaintiff's claim was based contained no provision for an award of attorney fees and that the applicable Washington law provided for an award of $125 and no more.

Plaintiff does not contest that the trial court prematurely entered the supplemental judgment. Plaintiff further does not contest that the contract on which his claim was based contains no provision for an award of attorney fees. He nevertheless maintains that we should affirm the decision of the trial court for two reasons. First, he argues that the judgment—whether or not improperly entered—cannot now be collaterally attacked. Second, he argues that even though there may have been no basis for an award of additional attorney fees under Washington law, the reference to the term "reasonable attorney fees" in the new judgment summary in effect created authority for an award of further attorney fees.

■ We begin with plaintiff's contention that the trial court was correct in denying defendant's request for relief from judgment, albeit for a reason not invoked by the trial court, namely that defendant mounted an impermissible collateral attack on the supplemental judgment. As we noted, the trial court apparently rejected that contention and treated defendant's "objections" to the entry of the supplemental judgment as a permissible motion to vacate pursuant to its inherent authority to modify judgments. There is no suggestion that the trial court lacked authority to treat the motion to set aside the judgment as one invoking the inherent authority of the court. *See Kneefel v. McLaughlin*, 187 Or App 1, 5, 67 P3d 947 (2003) ("[W]e construe appellants' motion to vacate the stipulated judgment, as litigated in the trial court, to invoke the 'inherent' authority of the trial court.").

ORCP 71 C provides, in part, that "[t]his rule does not limit the inherent power of a court to modify a judgment within a reasonable time[.]" The scope of that inherent authority is not without limit. As we explained in *Kneefel*,

"It is well settled that a trial court can exercise its inherent authority to vacate a judgment only to make a technical amendment, to correct an error of the court, or in other 'extraordinary circumstances.' *Condliff v. Priest*, 82 Or App 115, 118, 727 P2d 175 (1986)."

187 Or App at 5-6; *see also Kelley v. Owens*, 175 Or App 103, 109, 27 P3d 514, *rev den*, 332 Or 631 (2001) (inherent authority to modify a judgment is limited to technical amendments, correction of trial court error, or "extraordinary circumstances" such as fraud or duress).[1]

In this case, the trial court invoked its inherent authority to determine whether it had made a mistake in entering the supplemental judgment. That is within the scope of the inherent authority recognized under ORCP 71 C and the cases interpreting it. We therefore reject plaintiff's contention that the trial court was without authority even to entertain defendant's motions.

We turn to the merits. We review a trial court's decision with respect to a motion to set aside a judgment for abuse of discretion. *Kelley*, 175 Or App at 109. An incorrect application of the law is, by definition, an abuse of discretion. *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000).

As a general rule, attorney fees may not be awarded in the absence of a contract or statute providing authority for the award. *Bennett v. Baugh*, 329 Or 282, 285, 985 P2d 1282 (1999). In this case, the parties agree that neither contract nor statute provides a basis for the award of attorney fees in

---

[1] Although the wording of ORCP 71 C refers to the authority of the court to "modify" the judgment, the cases interpreting the rule have concluded that the authority recognized in the rule includes the authority to vacate a judgment entirely. *See, e.g., Kneefel*, 187 Or App at 5 (describing generally the inherent authority of the court "to vacate a judgment"); *JRD Development Joint Venture v. Catlin*, 116 Or App 182, 184, 840 P2d 737 (1992), *modified on recons*, 118 Or App 502, 848 P2d 136, *rev den*, 316 Or 528 (1993) ("An Oregon trial court has inherent authority to set aside a judgment procured by fraud[.]"); *Wimber v. Timpe*, 109 Or App 139, 146, 818 P2d 954 (1991) ("ORCP 71 C recognizes the inherent power of a court to vacate a judgment because of fraud." (footnote omitted)).

the supplemental judgment. The only asserted basis for the supplemental judgment is the reference to the word "reasonable" in the 1999 document denominated a "judgment summary." According to plaintiff, even though the document referred to an award of only $125, the use of the term "reasonable" implicitly authorized additional fees as they were incurred in collecting the judgment. If defendant thought otherwise, he suggests, defendant should have objected at the time that the Washington judgment and the new judgment summary were registered.

Even assuming, for the sake of the argument, that the insertion of the word "reasonable" could create, *ex nihilo*, authority to award attorney fees, plaintiff's contention founders on the simple fact that it is the 1997 King County judgment that is being enforced, not the 1999 "judgment summary" that was attached to it. The latter document is simply a summary of the terms of the King County judgment, signed by the lawyer submitting it, as required to register a foreign judgment under ORS 24.125(1). Plaintiff cites no authority for the proposition that such a document has enforceable effect—much less that it supersedes the legal effect of the judgment that it purports to summarize—and we are aware of none. We therefore conclude that, because there was no basis for an award of additional attorney fees, the trial court erred in entering the supplemental judgment. Because it is apparently uncontested that, apart from the supplemental judgment, defendant had paid all amounts due under the original King County judgment, the trial court also erred in failing to enter the satisfaction of that judgment.

Supplemental judgment vacated; reversed and remanded for entry of satisfaction of King County judgment.