Argued and submitted October 14, 2003, affirmed January 14, 2004

In the Matter of the Marriage of

Ruth CALVERT,
*Petitioner,*

*and*

Jimmie Doyle CALVERT,
*Respondent.*

STATE OF OREGON,
acting by and through the Department of Justice,
on behalf of the State of California,
*Respondent,*

*v.*

Jimmie D. CALVERT,
*Appellant,*

*and*

Ruth GILLESPIE,
(fka Calvert),
*Obligee.*

97-1405-S0; A118529

82 P3d 1056

G. Jefferson Campbell, Jr., argued the cause and filed the briefs for appellant.

Daniel J. Casey, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Armstrong, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

BREWER, J.

**BREWER, J.**

Respondent appeals from a judgment of the trial court determining his child support obligation under a 1981 California support order registered in Oregon under the Uniform Interstate Family Support Act (UIFSA), ORS 110.303 to 110.452.[1] Specifically, he challenges the addition of interest to the amount owed. Because the relevant facts are not in dispute, we review for errors of law and affirm.[2]

In 1980, an action to dissolve the parties' marriage was filed in California. In August 1980, a temporary support order was entered in that action requiring respondent to pay child support for the parties' two minor children.[3] In September 1981, the California court entered a judgment dissolving the parties' marriage. The dissolution judgment required respondent to pay petitioner $150 per month in child support for each child until the child reached the age of majority.[4] It also stated that respondent owed $5,830.10 in arrearages under the temporary support order, and it included a judgment against him for that amount. The dissolution judgment did not expressly provide that interest would accrue on the existing arrearage or any additional arrearage if respondent failed to make future support payments. After the dissolution, respondent moved to Oregon. The younger of the parties' children reached the age of majority in August 1994, and respondent's obligation to pay support ended at that time.

Respondent failed to pay any of the child support amounts that he was ordered to pay. In May 1996, California authorities initiated UIFSA support enforcement proceedings in Oregon by sending to the Division of Child Support of the Oregon Department of Justice (DCS) copies of the 1981 support order and a certified statement (the certified statement) showing the monthly amounts of support due and

---

[1] The pertinent provisions of UIFSA are set out below. All references to statutes contained within UIFSA are to the 1995 versions.

[2] Respondent's remaining assignments of error do not require discussion.

[3] The record does not reflect the monthly amount of support ordered in 1980.

[4] For the sake of consistency with the terminology of UIFSA, we refer to the support provision in the dissolution judgment as the 1981 support order. *See* ORS 110.303(21).

amounts paid.[5] The certified statement showed that, in September 1981, the support arrearage was $5,830.10. It also showed respondent's ongoing but unpaid arrearages from that time until August 1994, when respondent's support obligation ended. The stated balances did not reflect any accrual of interest and no information about interest appeared anywhere else in the certified statement. The total arrearage shown, as of year-end 1994, was $38,680.10. The certified statement showed the same arrearage amount as of May 1996.

On November 6, 1996, DCS served respondent with a notice of registration of the 1981 support order.[6] The notice stated that, "[a]s of the date of this notice, [respondent] owes $38,680.10 in arrears under the support order(s) as calculated using the attached statement(s)/affidavits(s) of arrears and/or worksheets and amounts which have become due since that time." The certified statement was attached to the notice. Respondent did not request a hearing to contest the validity or enforcement of the 1981 support order. *See* ORS 110.417.

---

[5] ORS 110.405(2) provided, in part:

"A support order or income-withholding order of another state may be registered in this state by sending the following documents and information to the Support Enforcement Division of the Department of Justice as interstate clearinghouse for the State of Oregon:

"(a) A letter of transmittal to the tribunal requesting registration and enforcement;

"(b) Two copies, including one certified copy, of all orders to be registered, including any modification of an order;

"(c) A sworn statement by the party seeking registration or a certified statement by the custodian of the records showing the amount of any arrearage[.]"

Oregon Laws 1999, chapter 680, section 2, amended ORS 110.405(2) to reflect that the Support Enforcement Division had been renamed the Division of Child Support. For convenience, we refer to the agency by its current name.

[6] ORS 110.414 provided, in part:

"(1) When a support order or income withholding order issued in another state is registered, the registering tribunal shall notify the nonregistering party. * * *

"(2) The notice must inform the nonregistering party:

"* * * * *

"(d) Of the amount of any alleged arrearages."

In April 1997, DCS filed the 1981 support order in the Jackson County Circuit Court, together with the certified statement and a child support and money judgment. The latter document was filed without being signed by the trial court. It included the following information:

"4. Amount of judgment:  $300 PER MONTH CHILD SUPPORT

"5. Prejudgment interest:  None

"6. Post judgment interest  Rate:  % per annum
information:  Type:  Simple

"Interest accrues on the judgment and each unpaid installment as it becomes due.

"7. Judgment accrual  $300 PER MONTH
information:  BEGINNING 10/1/81"

The interest rate at line 6 was left blank.

In December 2000, DCS served respondent with a notice of intent to administratively establish and enforce arrearages and interest under the 1981 support order.[7] DCS

---

[7] DCS followed the procedure prescribed by ORS 416.429, which provides, in part:

"(1) The administrator [of the Department of Human Services] may issue a notice of intent to establish and enforce arrearages for any support order that is registered, filed or docketed in this state. The notice must be served upon the obligor in the manner prescribed for service of summons in a civil action or mailed to the obligor at the obligor's last-known address by certified mail, return receipt requested. The administrator shall mail the notice to the obligee by regular mail.

"(2) The notice shall include:

"(a) A statement of the name of the caretaker relative or agency and the name of the dependent child for whom support is to be paid;

"(b) A statement of the monthly support the obligor is required to pay under the support order;

later filed and served an amended notice alleging that, as of June 18, 2001, respondent owed $87,008.70 in accrued support, including interest. Respondent objected to the inclusion of interest in his support obligation. After a hearing, a DCS hearing officer found that the support debt included interest and that respondent owed petitioner $87,008.70. Respondent sought *de novo* review in the trial court, *see* ORS 416.427(6), which affirmed the hearing officer's decision. This appeal followed.

Respondent's arguments on appeal reduce to three basic assertions. First, he argues that the child support and money judgment was an independent judgment that was limited to $38,680.10 because it failed to provide for the accrual of interest as required by ORCP 70 A(2)(a) (1995).[8] Second, respondent contends that, because neither the certified statement nor the notice of registration of the 1981 support order provided for the accrual of interest, interest does not accrue under the registered order. Third, respondent asserts that UIFSA, as well as principles of due process and claim preclusion, prohibited the hearing officer and the trial court from

---

"(c) A statement of the arrearages claimed to be owed under the support order;

"(d) A demand that the obligor make full payment to the Department of Justice or the clerk of the court, whichever is appropriate, within 14 days of the receipt or service of the notice;

"(e) A statement that if full payment or an objection is not received within 14 days, the administrator will enter an order directing that the amount of the arrearages stated in the notice be entered in the child support accounting record maintained by the Department of Justice;

"(f) A statement that if the obligor or the obligee objects to the enforcement of the arrearages, then the objecting party must send to the office issuing the notice, within 14 days of the date of service, a written response that sets forth any objections and requests a hearing;

"(g) A statement that the only basis upon which an obligor or an obligee may object to the enforcement of the arrearages is that the amount of the arrearages specified in the notice is incorrect;

"(h) A reference to ORS 416.400 to 416.470;

"* * * * *

"(3) If a timely written response setting forth objections and requesting a hearing is received by the appropriate office, a hearing shall be held under ORS 416.427."

[8] ORCP 70 A(2)(a) (1995) provided that money judgments shall include, among other things, the amount of the judgment, the interest owed to the date of the judgment, the rate of interest, and post-judgment interest accrual information.

entering another judgment that modified the child support and money judgment.

The state responds that applicable UIFSA provisions—in particular, ORS 110.405(2)(c) and ORS 110.414(2)(d) —required only a statement of the *amount* of any arrearage owed; in the state's view, that amount consists solely of the unpaid support balance, exclusive of interest. The state argues that the issues whether and how much interest accrued on that balance pertain to the *payment*, not the *amount*, of arrearage and that, under ORS 110.411(1), "[t]he law of the issuing state governs * * * the *payment* of arrearage under the order." (Emphasis added.) The state argues that, because the law of the issuing state, California, did not require the 1981 support order to explicitly provide for interest in order for it to accrue on any unpaid support balance,[9] the certified statement and the notice of registration likewise were not required to refer to interest in order for it to accrue. Finally, the state contends that the trial court's affirmance of the hearing officer's decision did not constitute an impermissible modification of the registered order.

In reply, respondent concedes that, under California law in effect in 1981, an interest obligation was implied as a matter of law in every child support order. He asserts, however, that that implication did not extend to the amount of arrearage required to be set forth in the certified statement and the notice of registration submitted with the 1981 support order.

■ We first address respondent's contention that "there was but one final judgment on the amount of child support arrearage owed by the Respondent that was in effect in the State of Oregon, *i.e.*, the Jackson County Circuit Court's Judgment of April 7, 1997." Respondent argues that, because the support order and money judgment was left blank in the space for an interest rate, it preclusively established that the registered order did not accrue interest. That argument fails.

---

[9] *See* Cal Civ Proc Code § 685.020 (1980) ("[I]nterest commences to accrue on a money judgment on the date of entry of the judgment[.]"); *see also County of Los Angeles v. Salas*, 38 Cal App 4th 510, 513, 516, 45 Cal Rptr 2d 61, 62, 64 (1995) (requiring payment of accrued interest even though district attorney's demand for payment of arrearages did not show amount of interest due).

Respondent mistakenly characterizes that document as an independent judgment that created a different obligation from the one created by the 1981 support order. ORS 110.405(3) provided that, "[o]n receipt of a request for registration, the registering tribunal shall cause the [foreign support] order to be filed *as a foreign judgment*, together with one copy of the documents and information, regardless of their form." (Emphasis added.) The support order and money judgment was filed with the 1981 support order; it was not signed by the court. It did not constitute an independent judgment because, even after the 1981 support order was registered in this state, California retained continuing, exclusive jurisdiction over the order and, conversely, Oregon's courts lacked jurisdiction to modify it.

UIFSA prohibits the entry of an independent judgment in the registering state when the issuing state retains continuing, exclusive jurisdiction. *See* ORS 110.327(1) (a tribunal "issuing a [child] support order consistent with the laws of [the] state" has continuing, exclusive jurisdiction over the parties' child support order "[a]s long as [the] state remains the residence of the obligor, the individual obligee or the child for whose benefit the support order is issued"); *see also* ORS 110.327(4) ("A tribunal of this state shall recognize the continuing, exclusive jurisdiction of a tribunal of another state which has issued a child support order pursuant to a law substantially similar to ORS 110.300 to 110.441."); ORS 110.333(1) (providing that, "[i]f a proceeding is brought under ORS 110.300 to 110.441" and "[i]f only one tribunal has issued a child support order, the order of that tribunal must be recognized"); ORS 110.408(3) (providing that, "[e]xcept as otherwise provided in ORS 110.300 to 110.441, a tribunal of this state shall recognize and enforce, but may not modify, a registered order if the issuing tribunal had jurisdiction").[10]

■ Presumably the reason for filing the support order and money judgment with the 1981 support order was to provide the information required under ORCP 70 A (1995). Assuming without deciding that registration of a foreign support order *is subject to those requirements, any defect in that*

---

[10] Respondent concedes that California retains continuing, exclusive jurisdiction over the 1981 support order.

regard did not render the 1981 support order *itself* invalid or unenforceable. To the contrary, because respondent failed to contest the validity or enforcement of that order, it was confirmed by operation of law. *See* ORS 110.417(2). Stated another way, to the extent that the 1997 support order and money judgment varied from the terms—express or implied—of the 1981 support order, the 1997 document lacked legal effect. *See Taylor v. Morrison*, 188 Or App 519, 525, 72 P3d 654 (2003) (vacating a supplemental judgment for attorney fees that was based on terms in a "judgment summary" that were not part of the foreign judgment to which the summary was attached). Thus, the omission of an interest rate from the 1997 support order and money judgment had no effect on the determination of whether and what amount of interest had accrued under the 1981 support order.[11]

We turn to the parties' arguments as to whether the certified statement and the notice of registration were required to include information concerning interest in order for interest to accrue on the registered order. Those arguments focus on the meaning of the phrases "amount of any arrearage" in ORS 110.405(2)(c), and "amount of any alleged arrearages" in ORS 110.414(2)(d). The issue is one of statutory construction; we resolve it under the methodology of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). We look first to the text of the statutes, read in context, as the best indicator of the legislature's intent. Although the meaning of "amount" is self-evident, "arrearage" is not defined by statute. Depending on context, it logically could refer to accrued and unpaid support, either inclusive or exclusive of interest.

The statutory context suggests, however, that the term refers to accrued and unpaid support, *exclusive* of interest. ORS 110.303(21) defined "support order" as "a judgment, decree or order * * * for the benefit of a child * * * which provides for monetary support, health care, *arrearages* or

---

[11] Our conclusion also forecloses respondent's argument that the support order and money judgment was entitled to preclusive effect and, therefore, could not be "modified" in the ensuing proceeding to establish and enforce arrearages under the registered order.

reimbursement, *and may include* related costs and fees, *interest,* income withholding, attorney fees *and other relief.*" (Emphasis added.) That definition appears to distinguish arrearages from interest and other forms of relief.[12]

If the statutory context does not put the matter to rest, the legislative history of UIFSA, which includes its official commentary, does. *See State of Oregon DCS v. Anderson,* 189 Or App 162, 169, 74 P3d 1149, *rev den,* 336 Or 92 (2003) (stating that UIFSA official commentary constitutes legislative history). The commentary to section 604, enacted as ORS 110.411, provides, in part:

> "This section identifies situations in which local law is inapplicable. The basic principle of the Act is that throughout the process the controlling order remains the order of the issuing State, and that responding States only assist in the enforcement of that order. Absent a loss of continuing, exclusive jurisdiction and a subsequent modification of the order, the order never becomes an 'order of the responding State.' Ultimate responsibility for enforcement and final resolution of the obligor's compliance with all aspects of the support order belongs to the issuing State. Thus, calculation of whether the obligor has fully complied with the payment of current support, arrears, and *interest on arrears,* is the duty of the issuing State."

Uniform Interstate Family Support Act § 604 comment, 9 ULA 352, 357-58 (2001) (emphasis added). Because the commentary expressly distinguishes between "arrears" and "interest on arrears," we conclude that, as used in ORS 110.405(2)(c) and ORS 110.414(2)(d), the terms "arrearage"

---

[12] ORS 110.395 does so even more directly and provides, in part:

"(3) Except as provided by subsection (4) of this section and ORS 110.397, the employer shall withhold and distribute the funds as directed in the withholding order by complying with the terms of the order that specify:

"* * * * *

"(e) *The amount of periodic payments of arrearages and interest on arrearages,* stated as sums certain."

(Emphasis added.) Although that statute was not enacted until 1997, Or Laws 1997, ch 746, § 89, and that cannot be context for what the legislature intended the term "arrearages" to mean when DCS received the certified statement and served respondent with the notice of registration, *see Stull v. Hoke,* 326 Or 72, 79-80, 948 P2d 722 (1997), it is consistent with the view that arrearages are distinct from interest.

and "arrearages" refer to unpaid support, exclusive of accrued interest.

■       In any event, even if the amount of arrearages stated in the certified statement and notice of registration for purposes of ORS 110.405(2)(c) and ORS 110.414(2)(d) were deemed to include accrued interest, nothing in UIFSA indicates that the amount of arrearages specified in the certified statement and notice cannot be changed to account for interest that was omitted from those documents at the time that they were served on the obligor. That issue, like others pertaining to the enforcement of a registered order, is left for resolution by the law of the responding state. *See* ORS 110.408(2) (providing that "[a] registered order issued in another state is enforceable in the same manner and is subject to the same procedures as an order issued by a tribunal of this state"). Under Oregon law, registration of a support order under UIFSA does not constitute the final step in the enforcement process. Additional steps include the administrative and judicial review process prescribed by ORS 416.427 and ORS 416.429. That process provided DCS with an opportunity to add interest to the amount of arrearages previously established and for respondent to contest that action. *Former* OAR 461-195-0047(3) (1997), *renumbered as* OAR 137-055-3240(3) (2003), applied to support orders, including foreign support orders registered in Oregon under UIFSA, and provided:

> "Where an arrearage had earlier been established, through a process which afforded notice and an opportunity to contest to both parties, the arrearage from that period shall not be reestablished *except that if interest had not been included in the establishment, interest may be added for that period.*"

(Emphasis added.)

By its terms, the rule provided that the amount owing that was first established—that is, what was determined at the time of registration—may be changed to account for accrued interest.[13] Nor was respondent deprived

---

[13] Curiously, only respondent has referred to this rule and, then, elliptically. He states, "The DCS's own regulations for 'older child support cases' moreover expressly indicate that interest is to be included in the amount of 'child support

of a right to object to the total amount of indebtedness claimed after DCS added interest to it. *See* ORS 416.429(2)(g); *see also* ORS 110.423 (providing that "[c]onfirmation of a registered order, whether by operation of law or after notice and hearing, precludes further contest of the order with respect to *any matter that could have been asserted at the time of registration*") (emphasis added).

We conclude that the failure to include interest in the statement and notice required by ORS 110.405(2)(c) and ORS 110.414(2)(d) did not preclude DCS from later seeking to enforce an interest obligation.

■ Respondent next asserts that the omission of interest from the arrearage claimed in the notice of registration deprived him of due process. He contends that what "DCS and the Circuit Court did in this case is equivalent to a party filing a complaint seeking a specific relief, serving the defendant with a copy of the summons and complaint specifying this relief, obtaining a default, and then seeking a judgment with relief requested substantially at odds with that sought in the filed complaint." We disagree with respondent's characterizations of the notice of registration as the equivalent of a complaint in a civil action and the result of registration as "obtaining a default." Respondent ignores the fact that a "complaint" was filed against him in the underlying California dissolution action and that the 1981 support order was entered as a lawful consequence. That support order included accrued interest under California law, and respondent was charged with knowledge that it did. *See County of Los Angeles v. Salas*, 38 Cal App 4th 510, 513, 516, 45 Cal Rptr 2d 61, 62, 64 (1995).

As discussed, registration of the 1981 support order in Oregon merely made the order enforceable in this state; it did not constitute a *new* support proceeding resulting in an independently enforceable support order. Moreover, when DCS commenced the administrative enforcement proceeding under ORS 416.429, respondent was afforded an opportunity to challenge—and did challenge—the amount sought in the

---

arrears.' *See* OAR [461-195-0047(3) (1997)]." Respondent does not contend that the rule is inconsistent with the controlling statutes or that it is otherwise invalid.

amended notice of arrearage. We conclude that respondent was not denied due process.

To summarize, because California retained continuing, exclusive jurisdiction over the child support matter, the only support order entitled to enforcement under UIFSA was the 1981 support order. The trial court was required to recognize and enforce, but could not modify, that order. The order implicitly provided for the accrual of interest on the support arrearage. Accordingly, the support order and money judgment, to the extent that it failed to state an applicable interest rate for arrearages, did not establish that the 1981 support order did not include interest. Further, because the term "arrearages," for purposes of UIFSA, refers to accrued and unpaid support, exclusive of interest, the statement of arrearages and notice of registration were not required to include the amount of interest owed under the 1981 support order. In any event, the procedure for enforcement of the order provided for the addition of interest to the arrearage, and respondent had an opportunity to object to that change. Therefore, he was not denied due process. The trial court did not err in concluding that the amount owed by respondent under the 1981 support order included accrued interest on the support arrearage.

Affirmed.