No. 216 April 10, 2024 759

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Steven D. TRENT,
*Plaintiff-Appellant,*

*v.*

DEUTSCHE BANK NATIONAL TRUST COMPANY,
as Trustee for GSAMP Trust 2007-HSBC1 Mortgage
Passthrough Certificate, Series 2007-HSBC1,
*Defendant-Respondent,*

*and*

Tommy M. HOPKINS,
Patricia A. Hopkins and all other interested parties,
*Defendants.*

Klamath County Circuit Court
18CV12034; A177165

Marci Warner Adkisson, Judge.

Argued and submitted November 15, 2023.

Jennifer J. Martin argued the cause for appellant. Also on the briefs were Kevin O'Connell and Hagen O'Connell Hval LLP.

Emilie K. Edling argued the cause for respondent. Also on the brief was Houser LLP.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Plaintiff appeals from an order setting aside a $12 million default judgment against defendant. The trial court entered the order when, after plaintiff attempted to enforce the judgment, defendant moved to set aside under several ORCP 71 provisions. The trial court granted the motion to set aside under each of those provisions. We conclude that the trial court properly exercised its authority in vacating the judgment under ORCP 71 C; thus we need not, and do not, address the alternative grounds. *See Heritage Properties v. Wells Fargo Bank*, 318 Or App 470, 478-79, 508 P3d 577 (2022) (explaining that because the trial court's order setting aside a judgment "rested on three entirely separate, independent legal bases, *** any one could provide a sufficient basis for the court's order"). We affirm.

In 2005 plaintiff obtained a $240,550 loan that encumbered property in Klamath Falls. The loan was pooled with other loans into a legal trust, of which defendant was the trustee. An entity called Specialized Loan Servicing (SLS) serviced all the loans and properties in the trust. It also handled any litigation concerning the loans, which SLS undertook in the name of defendant as trustee.

In 2014, plaintiff defaulted on the loan, and SLS initiated a judicial foreclosure action on behalf of defendant. Plaintiff did not appear, and the trial court entered a general judgment of foreclosure in May 2015. Defendant purchased the property at an execution sale in August 2015 and sold the property to third parties in June 2016.

In March 2018, plaintiff filed a complaint against defendant challenging the foreclosure action and judgment. Plaintiff sued on multiple grounds, including "theft by deception," ORS 164.085. Despite the fact that that is a criminal statute with no private cause of action, his complaint stated that under that statute he was "entitled to damages for theft plus exemplary damages." Plaintiff requested an award of $12 million, including $9 million in punitive damages.

Plaintiff served defendant with the summons and complaint in April 2018. After defendant failed to appear, in August 2018, plaintiff filed an "Ex Parte Motion for Order of

Default and Declaration in Support," a "Motion for Default Judgment Monetary Damages Only," and a proposed final judgment. Those documents, which contained many deficiencies, are relevant to resolving the legal question on appeal; we therefore describe them in detail.

The one-page motion for default judgment contained just one paragraph, which stated:

> "The Plaintiffs, having received the order of the court, hereby pray that the court grant the monetary relief sought in the default, and the Plaintiffs further waive any and all claims for declaratory relief to avoid the necessity of serving and suing the current owners of the property as additional real parties in interest. The Plaintiffs, instead, elect to simply seek monetary damages and pray the court enter the default judgment for monetary relief as sought in the complaint and in the attached default judgment (proposed)."

Plaintiff's motion did not comply with ORCP 69 D, which governs motions for judgment by default and provides that:

> "(1)  A party seeking a judgment by default must file a motion, supported by affidavit or declaration. Specifically, the moving party must show:
>
> "(1)(a)  that an order of default has been granted or is being applied for contemporaneously;
>
> "(1)(b)  what relief is sought, including any amounts due as claimed in the pleadings;
>
> "(1)(c)  whether costs, disbursements, and/or attorney fees are allowable based on a contract, statute, rule, or other legal provision, in which case a party may include costs, disbursements, and attorney fees to be awarded pursuant to Rule 68."

Plaintiff did not submit an affidavit or declaration with his motion, and thus the required information in each provision of ORCP 69 D(1) was absent, including the $12 million amount of plaintiff's damages claim.

The procedural defects continued with plaintiff's proposed final judgment, which stated, in a lengthy paragraph, that the court grants "judgment on the complaint a finding that the Mortgage and note in favor of the Defendant *** is

breached; and the judgment was fraudulently obtained \* \* \*." At the end of the paragraph the judgment stated that "the Court hereby grants the Plaintiff judgment in favor of [plaintiff] and against Defendant \* \* \* for compensatory damages in the amount of three million dollars or according to proof." In the next paragraph, the proposed judgment "[g]rant[s] the Plaintiff Judgment against the Defendant \* \* \*, and order[s] the Defendants to be obligated to pay treble exemplary damages to the Plaintiff in the sum of nine million dollars."

The final judgment did not comply with ORCP 69 D(2), which provides that "[t]he form of judgment submitted shall comply with all applicable rules and statutes." First, the judgment did not include a separate section "placed immediately above the judge's \* \* \* signature \* \* \* clearly labeled at its beginning as a money award," as required by ORS 18.042(4). Second, the judgment did not identify the Oregon Department of Justice as a judgment creditor, as required by ORS 18.042(2)(a), and ORS 31.735(1) and (2).[1] Further, the judgment stated that "the Clerk/Court has entered the default of the defendants," despite the fact that the trial court never entered an order of default against defendant.

Notwithstanding those deficiencies, the trial court entered the judgment on August 28, 2018, awarding $12 million in damages.

Defendant first received actual notice of the judgment in July 2021 when plaintiff attempted to enforce it in California. One month later, in August 2021, defendant filed a motion to vacate in the trial court. Defendant argued, among other things, that the trial court should exercise its inherent authority to set aside the default judgment. *See* ORCP 71 C (allowing the trial court to set aside a judgment in the exercise of "the inherent power of a court").[2]

---

[1] Under ORS 31.735(1)(b), 60 percent of plaintiff's punitive damages "is payable to the Attorney General for deposit in the Criminal Injuries Compensation Account of the Department of Justice Crime Victims' Assistance Section." Additionally, the final judgment did not contain a certificate of service showing that plaintiff had served notice on the Director of the Crime Victims' Assistance Section, as required by UTCR 5.100(2) and (5).

[2] Because we do not decide the case based on whether defendant's failure to appear was justified as excusable neglect under ORCP 71 B(1)(a), we do not detail the

        Defendant argued that the trial court should exercise its inherent authority to set aside the judgment because plaintiff's claim of $9 million in punitive damages was "both procedurally and substantively defective." Defendant noted the excessive amount of the judgment and that the motion for default judgment and the final judgment did not comply with a number of rules and statutes.

        After a hearing on the motion, the trial court "adopt[ed] the Defendant's arguments and *** grant[ed] the motion *** based upon the arguments made here today and the record *** in the court file." Plaintiff appeals from the trial court's order, arguing, among other things, that the trial court abused its discretion in vacating the judgment pursuant to its inherent powers recognized in ORCP 71 C. For its part, defendant reprises the arguments that it made below.[3] We review for abuse of discretion, *see MBNA America Bank v. Garcia*, 227 Or App 202, 207, 205 P3d 53 (2009), and affirm.

        ORCP 71 C reserves the trial court's "inherent power *** to entertain an independent action to relieve a party from a judgment." Generally, "a trial court has inherent authority to correct or set aside a judgment, provided that it does so" both (1) within a "reasonable time" and (2) for "good and sufficient reason." *Patrick v. State of Oregon*, 178 Or App 97, 104, 36 P3d 976 (2001) (internal citations omitted). "What is a reasonable time is ordinarily a matter within the discretion of the trial court[,]" depending on "all of the facts of the case." *Miller v. Miller*, 228 Or 301, 305, 365 P2d 86 (1961); *see also Bailey v. Steele*, 263 Or 399, 402-03, 502 P2d 586 (1972) (three-year passage of time did not foreclose trial court's exercise of its inherent authority to modify judgment; "courts have held that delays of several months

---

various explanations that defendant proffered for why it did not appear. Suffice to say that SLS mailroom staff did not follow SLS's processes for litigation documents.

[3] Defendant further argues that plaintiff lacked standing to object to the motion to vacate and lacks standing to appeal because plaintiff is not the "real party in interest" after allegedly assigning his rights to a third party. Because there is no copy of the assignment in the record, we do not know the terms or validity of the assignment and thus we cannot conclude that plaintiff is not the real party in interest. *See Triphonoff v. Sweeney*, 65 Or 299, 307, 130 P 979 (1913) (when a defendant contends that an action is not prosecuted by the real party in interest, "the defendant must state facts which constitute the defense and which show that the plaintiff is not the real party in interest").

or years in making applications to set aside judgments may not be unreasonable, depending upon the circumstances").

In terms of what constitutes a good and sufficient reason, "[i]t is well settled that a trial court can exercise its inherent authority to vacate a judgment only to make a technical amendment, to correct an error of the court, or in other extraordinary circumstances." *Kneefel v. McLaughlin*, 187 Or App 1, 5, 67 P3d 947 (2003) (internal quotation marks omitted). By way of example, in *Taylor v. Morrison*, 188 Or App 519, 522-23, 72 P3d 654 (2003), the trial court declined to vacate a supplemental judgment awarding attorney fees to the plaintiff after the defendant argued that there was no statutory or contractual basis for the award. On appeal, we determined that it was "within the scope of the inherent authority recognized under ORCP 71 C" for the trial court "to determine whether it had made a mistake in entering the supplemental judgment." *Id.* at 524. We vacated the supplemental judgment after concluding that, because there was no legal basis for the attorney fee award, the trial court erred in entering the supplemental judgment and in declining to exercise its inherent authority to set the judgment aside. *Id.* at 525.

Yet a trial court's discretion to determine what is a "good and sufficient reason" under ORCP 71 C is not unbounded. For instance, a trial court has no discretion under ORCP 71 C to vacate its own judgment "for the sole purpose of contravening or circumventing other important limitations that flow from the finality of judgments." *Patrick*, 178 Or App at 105. A trial court, for example, has no discretion to vacate or modify its own judgment for "the sole purpose of extending the time for appeal." *Far West Landscaping v. Modern Merchandising*, 287 Or 653, 658-59, 601 P2d 1237 (1979) (while recognizing that "[t]here is no doubt but that under normal circumstances trial courts have inherent authority to vacate or amend their judgments[,]" concluding nonetheless that the trial court had no authority to set aside one judgment and enter another for the sole purpose of lengthening the statutory time for appeal). Nor does a trial court have discretion to vacate or modify a judgment to "allow parties to circumvent *res judicata* or to assert new substantive arguments." *Condliff v. Priest*, 82 Or App 115, 118-19, 727 P2d 175 (1986) (the trial court had

acted outside the permissible range of its discretion when it modified the judgment to allow the defendant "belatedly to assert a defense which was not timely raised" by the parties who appeared in the action).

In light of the scope of the trial court's discretion under ORCP 71 C, we conclude that the trial court here did not abuse its discretion. We begin with whether the trial court acted within a reasonable time based on the facts before it. The length of time between the default judgment and the order setting aside the judgment was three years. That length of time reflects the length of time during which defendant was unaware of the default judgment and, correspondingly, the time during which the trial court was presumably unaware of its mistake. Once plaintiff attempted to enforce it, defendant moved to vacate the judgment one month later, alerting the trial court to the situation. The trial court, in light of those circumstances, acted within a reasonable time.

Likewise, the trial court's basis for granting defendant's motion to vacate constituted good and sufficient reason. As an initial matter, Oregon has a "longstanding policy disfavoring default judgments." *Wells Fargo Bank, N.A. v. Jasper*, 289 Or App 610, 616, 411 P3d 388 (2017). That policy reflects a preference for the regular disposition of litigation on the merits "to the end that every litigant shall have [their] day in court." *King v. Mitchell*, 188 Or 434, 441-42, 214 P2d 993 (1950).

Our conclusion that the trial court acted within the permissible bounds of its discretion is consistent both with that policy and with the express rules and statutes that govern pleading requirements and judgments by default. It is significant that the deficiencies in plaintiff's pleadings— from complaint to default-related documents—were egregious and evident on their face. In light of those deficiencies, the trial court clearly erred in entering the default judgment. To begin with, plaintiff's punitive damages claim in his complaint was based on a criminal statute that allowed no private cause of action, let alone creating an entitlement to $9 million in punitive damages.[4] Generally, a trial court

---

[4] Plaintiff also sought $3 million in compensatory damages under the criminal statute, with no private cause of action, and under several other legal

errs when it enters an award that is not legally authorized. *See Taylor*, 188 Or App at 525 (concluding that the trial court erred in entering a judgment awarding attorney fees when there was no contractual or statutory basis for the award and in declining to exercise its discretion to set the erroneous judgment aside).

Additionally, ORS 31.725(2) provides that an initial pleading "may not contain a request for an award of punitive damages. At any time after the pleading is filed, a party may move the court to allow the party to amend the pleading * * *. The party making the motion may submit affidavits and documentation supporting the claim for punitive damages." Here, the initial pleading—the only pleading that the court considered—included the request for punitive damages; no motion to amend was filed. Consequently, the court was never provided with any affidavits or documentation supporting the claim for punitive damages. That failure precluded the trial court from determining whether plaintiff "fail[ed] to set forth specific facts supported by admissible evidence adequate to avoid the granting of a motion for a directed verdict to the party opposing the motion on the issue of punitive damages." ORS 31.725(3)(a). If a plaintiff fails to set forth those specific facts, the trial court must deny the motion to amend the pleading. *Id.*

Because of those procedural deficiencies, the court erred in entering a judgment that included punitive damages even if there had been a legal basis for the damages. *See Moser v. DKN Ind.*, 191 Or App 346, 349, 82 P3d 1052 (2004) (plaintiff was not entitled to recover any punitive damages because his initial complaint included a request for punitive damages, and he did not provide affidavits or documentation supporting the claim for punitive damages).[5]

---

theories. That request for damages under the criminal statute, just as with the request for punitive damages, has no legal basis. As to the other causes of action, the parties did not argue that those should be treated differently for purposes of the default motions. Accordingly, neither do we.

[5] We acknowledge that had defendant appeared in the action, it could have raised the pleading defects. Defendant's failure to appear, however, does not invalidate the trial court's authority to vacate a default judgment under ORCP 71 C. *See* ORCP 69 F ("If a judgment by default has been entered, the court may set it aside in accordance with Rule 71 B and C.").

Further, the court erred in entering the judgment because both it and the motion for default judgment and the final judgment did not comply with several rules and statutes, beginning with ORCP 69. That rule requires that "[a] party seeking a judgment by default *must* file a motion, *supported by affidavit or declaration*," and "*must* show" that "an order of default has been granted or is being applied for contemporaneously"; and "what relief is sought, including any amounts due as claimed in the pleadings[.]" ORCP 69 D(1) (emphases added). Moreover, the final judgment was not in the proper format, with a separate section clearly labeled as a money award, as required by ORS 18.042(4) and ORCP 69 D(2). Those requirements are not simply performative; to the contrary, the rules and statutes that govern pleading requirements and default judgments enable the trial court to determine whether entry of judgment is proper and whether further evidence is needed.[6]

In light of (1) the lack of legal basis for, at a minimum, the award of $9 million in punitive damages; (2) the procedural impropriety of awarding punitive damages sought in the initial complaint, without any information to support whether such an award was supported by the facts; and (3) the impropriety of entering a default judgment without a corresponding order of default and without information about the amount of the award, the trial court was entitled to exercise its inherent authority to correct its own error in entering the judgment.[7] Accordingly, under the abuse of discretion standard of review, where we will reverse a decision under ORCP 71 C only if it was legally impermissible, we conclude that the trial court did not abuse its discretion in setting aside the judgment.

Affirmed.

---

[6] *See* ORCP 69 D(3) ("The court, acting in its discretion, may conduct a hearing, make an order of reference, or make an order that issues be tried by a jury, * * * in order to enable the court to determine the amount of damages, to establish the truth of any averment by evidence or to make an investigation of any other matter. The court may determine the truth of any matter upon affidavits or declarations.").

[7] We also note that a judgment awarding punitive damages that does not list the Department of Justice as a judgment creditor or contain the requisite certificate of service prejudices the state. *See Williams v. RJ Reynolds Tobacco Company*, 351 Or 368, 382, 271 P3d 103 (2011) ("the statutory designation of the state as a judgment creditor is a mechanism that allows the state to enforce compliance with" the statute that allocates punitive damages to the state).