Submitted on appellant's petition for reconsideration filed February 23, reconsideration allowed; former opinion (152 Or App 416, 954 P2d 216) adhered to June 10, 1998

Dan ALBRICH,
*Appellant,*

*v.*

ALLSTATE INSURANCE COMPANY,
*Respondent.*

(9605-04032; CA A94706)

962 P2d 699

Willard E. Merkel and Popick & Merkel for petition.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff has moved for reconsideration of our decision in this case. We held that the trial court properly set aside a judgment based on an arbitration award in plaintiff's favor, because plaintiff had previously released his claims under his underinsured motorist coverage (UIM) with defendant, in exchange for payment of less than the full amount of claim. In doing so, we held that there was consideration for the release, because the arbitrators had determined only the amount of plaintiff's damages, not that the third-party driver was liable for the accident. Thus, at the time of the release there was a possibility that the driver might not be responsible for plaintiff's injuries, in which case there would be no UIM coverage.

In his motion for reconsideration, plaintiff asserts that, contrary to our statement of facts, the parties to the arbitration had stipulated that the third-party driver was responsible for the accident. Such a stipulation might affect our conclusion that there was a genuine question of whether defendant was liable for anything at all and, thus, that there was consideration for the release. However, plaintiff did not attach a copy of the stipulation to his motion, nor does he refer us to where we could find it in the trial court record. Because of plaintiff's unequivocal assertion that there is such a stipulation, we have varied from our usual practice and have searched the record for the stipulation. That search was fruitless; we have been unable to locate either the stipulation or any reference to it.

Instead of producing the stipulation, our search showed that plaintiff failed to mention it on several occasions when he had every incentive to do so. In his cover letter sending the arbitration award to the court for filing as a judgment, plaintiff's attorney stated that he enclosed the written agreement to submit to arbitration. However, what he identified as that agreement was a portion of the insurance policy; he did not refer to any stipulation concerning either the arbitration or the driver's liability for the accident. In its decision setting aside the judgment, the trial court ruled that there was consideration for the release, because defendant

had the possibility of not being liable at all if the jury in the case against the driver brought in a defense verdict. Plaintiff did not refer to any stipulation concerning the driver's liability in response to the court's statement, either in seeking reconsideration of that ruling or in its brief on appeal. Defendant in its brief on appeal stated as a fact that "[t]he arbitration award did *not* state that the arbitrators determined that [the driver] was legally liable for those damages or that [defendant] was liable for $100,000." (Emphasis supplied.) Plaintiff did not file a reply brief and did not otherwise challenge that statement.

In short, aside from the bald statement in his petition for reconsideration, plaintiff has provided no support for his newly asserted position that there was a stipulation concerning the driver's liability. We cannot decide a case based on an argument that is completely lacking in support in the record.

Reconsideration allowed; former opinion adhered to.