Argued and submitted August 21, 2020, affirmed December 29, 2021, petition for review denied April 7, 2022 (369 Or 507)

Benjamin KERRIDGE,
as Personal Representative of
the Estate of Dan R. Webb,
*Plaintiff-Respondent,*

*v.*

Kim JESTER,
*Defendant-Appellant.*

Curry County Circuit Court
09CV0835; A170632

502 P3d 1206

Defendant assigns error to the trial court's denial of her motion for relief from a judgment. The judgment ordered the sale of property that defendant owned with her former domestic partner, Webb, who died before the property was sold. Defendant contends that the judgment did not extinguish her right of survivorship and that therefore, when Webb died, title passed to defendant. She argues that the judgment should be set aside because it is no longer equitable for the judgment to have prospective application under ORCP 71 B(1)(e). *Held*: The trial court did not err in denying defendant's motion. Assuming that the judgment did not terminate defendant's right of survivorship and that defendant became the sole owner when Webb died, that change in title is not a cognizable basis for concluding that it is no longer equitable that the judgment should have prospective application. The Court of Appeals found that the parties intended to share in the property equally and ordered the sale and division of the proceeds accordingly. The rights and obligations created by the judgment were not conditioned or dependent upon both parties, together, holding title to the property.

Affirmed.

Jesse C. Margolis, Judge.

George W. Kelly argued the cause and filed the brief for appellant.

Garrett K. West argued the cause for respondent. Also on the brief was Jarvis, Dreyer, Glatte & Larsen, LLP.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

SHORR, J.

Affirmed.

**SHORR, J.**

Defendant appeals from an order denying her motion for relief from a 2011 judgment. That judgment ordered the sale of property that defendant owned with her former domestic partner, Webb, who is now deceased. Plaintiff, the personal representative of Webb's estate, seeks enforcement of the judgment. Defendant argues that the judgment should be set aside, because it is no longer equitable for the judgment to have prospective application under ORCP 71 B(1)(e). For the reasons below, we disagree and therefore affirm.

On review of an order denying a motion to set aside a judgment, we state the undisputed facts in the light most favorable to the moving party. However, we accept the trial court's findings of disputed fact, if there is evidence to support those findings. *Union Lumber Co. v. Miller*, 360 Or 767, 769, 388 P3d 327 (2017). Webb and defendant were in a romantic relationship that began in the 1980s. They lived together from 1994 until the relationship ended in 2008. They were never married, but they maintained a joint bank account and, in 1995, Webb and defendant purchased property together. The deed conveyed that property to Webb and defendant "not as tenants in common, but with right of survivorship." Webb and defendant purchased the property with the intent of building a house to live in together, which they eventually did. Monthly payments for the property were made from the joint account. Most of the money in the joint account was deposited by Webb.

In 2008 Webb and defendant separated and Webb moved out of the house. Webb brought an action for partition and contribution. He requested that the property be sold and sought reimbursement for various costs and for a portion of the purchase price. He also alleged that defendant had excluded him from the property during their period of separation and he sought rent for that time. Defendant counterclaimed, alleging that there was an implied agreement between the parties that they intended to share in the property equally and asking the court to determine the respective interests in the property in accordance with that implied agreement.

After a trial, the court ordered Webb and defendant to sell the property and share the proceeds. The court issued a letter opinion explaining its findings and rulings. The court found that the "parties' intention was [that] they would both contribute to the property, live there, and ultimately sell it." Although Webb and defendant "did not contribute equally to the property[,]" they "intended that they would each have an equal share in the property." The court also concluded that an "equitable and equal partition of the property cannot be had without great prejudice to the owners of the property." According to the court, defendant was initially uninterested in selling the property but "later changed her position" and stated "that she wants to sell the property." The court found that Webb also changed his view "that the court should perform an accounting of the parties contributions to the property and credit each party accordingly" and that his position at trial was instead "reflective of the parties original intent regarding the property."

In the letter, the court also discussed the applicable law, drawing on principles applicable in nonmarital dissolution cases. The court explained that

"[t]his case is relatively simple in that it is clear that the parties intended that the property would be jointly owned, jointly contributed to, and that both parties would share equally in the value of the property. *** In the case of a dissolution of a domestic partnership, the division of property accumulated during a period of cohabitation begins with an inquiry as to the intent of the parties, and if an intent can be found, then that intent will control the property division. *** Here, applying either the rules of co-tenancy or the rules as announced by the court of appeals in relation to division of assets in the context of a dissolution of a domestic partnership, the outcome is the same: the parties will share equally in the property, with the exception of the greater contribution to the payoff by Mr. Webb."

The above findings and reasoning were expressly incorporated in the judgment. In the judgment, the court ordered "that the property shall be sold" and that "[b]oth parties will cooperate with the sale of the property." The judgment generally provided that the proceeds of the sale would be shared equally save for certain offsets that

benefitted Webb to reflect defendant's unpaid rent and an outstanding loan. Defendant, in turn, received credit for the taxes and insurance that she had paid while she possessed the property. The court also ordered defendant to vacate the home and awarded possession of the property to Webb until it was sold. Once Webb took possession, he would pay rent to defendant until the time of sale. The court retained jurisdiction "over [the] matter pending the sale of the property."

Webb took possession of the property in 2011 in accordance with the judgment. Webb remained in possession of the property until 2018, when he died. Contrary to the court's order and judgment, the property was never sold. After Webb's death, the personal representative for Webb's estate moved to substitute himself as the party plaintiff and reopen the case. The court granted the motion and ordered the parties "to continue to comply with the terms of the General Judgment."

After learning that defendant did not intend to cooperate in the sale, plaintiff moved to enforce the 2011 judgment. In response, defendant moved for relief from the judgment under ORCP 71 B(1). Defendant made several arguments under that rule. As it relates to this appeal, defendant contended that the right of survivorship in Oregon is "indestructible," and that the right of survivorship was not extinguished by the 2011 judgment. Therefore, according to defendant, title passed to her at the time of Webb's death and defendant was the sole owner of the property. Defendant argued that Webb engaged in misconduct by failing to enforce the judgment before he died and that it would be "fundamentally unfair" for Webb's estate to benefit from the judgment. Defendant also argued that it was no longer equitable that the judgment should have prospective application given Webb's failure to sell the property and the fact that defendant was now the sole owner.

In response, plaintiff argued that the judgment remained equitable and alleged that Webb had tried to comply by listing the property for sale, but had not found a buyer. Plaintiff further noted that, under the terms of the judgment, defendant would receive rent for the time that Webb had possessed the property until his death.

After a hearing, the court denied defendant's request for relief from the judgment and granted plaintiff's motion to enforce the 2011 judgment. In a letter opinion explaining those decisions, the court found that, although "the suit was initially styled simply as a suit for partition," the parties "litigated the matter as though it were a dissolution of domestic partnership." The court noted that defendant's "pleadings reflect[ed] that" and that the court had "expressly used principles applicable to a dissolution of a domestic partnership" in resolving the dispute. And, the court explained, because the parties had "both sought a judgment which would result in the destruction of survivorship," the "bar to unilateral destruction of survivorship did not apply." Instead, the 2011 judgment "reflect[ed] an action explicitly requested by both parties; that being a determination of the parties' rights as to [the] property and a judgment directing the disposition of the property." That determination of the parties' rights and accordant disposition of the property, the court concluded, still applied despite Webb's death.

On appeal, defendant contends only that it is inequitable for the 2011 judgment to have prospective application under ORCP 71 B(1)(e) and that the trial court erred in concluding otherwise. As we understand that argument, defendant asserts that the judgment, by its terms, did not extinguish the right of survivorship. Accordingly, when Webb died, title passed to defendant and she is the sole owner of the property. Therefore, defendant argues, plaintiff has "no basis for claiming an interest in the property or for seeking enforcement of the general judgment" and it is "no longer equitable or proper to sell the property and divide the proceeds."

Plaintiff responds that the 2011 judgment terminated defendant's right of survivorship. That is so, plaintiff argues, because the judgment dissolved Webb and defendant's unregistered domestic partnership and divided Webb and defendant's shared asset. In other words, plaintiff argues that the termination of the survivorship interest is implied in the court's order to sell the property, because the court intended to divide the parties' interests in the property. Therefore, plaintiff asserts that the 2011 judgment

"should supersede [the] language of the property warranty deed." Plaintiff also insists that the terms of the 2011 judgment remain equitable. He contends that Webb made considerable investments in the property, and that it would be unfair for defendant "to get virtually all of Webb's assets given their romantic relationship ended over a decade ago."

We begin by clarifying what issues are before us and how they relate. In doing so, it is helpful to understand ORCP 71 B(1)(e) and how a person may obtain relief from a final judgment under that rule. "A judgment sets out a trial court's final determination of a matter." *Webber v. Olsen*, 330 Or 189, 196, 998 P2d 666 (2000). "After a court has entered a judgment, the law provides specific remedies that are available under the judgment." *Id.* Those remedies are limited and defined by various rules and statutes. *See id.* (describing various remedies and the sources of law for them). One form of relief is found in ORCP 71 B(1)(e). That rule provides that the court may relieve a party from a judgment if "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." ORCP 71 B(1)(e).

We review a trial court's ultimate determination granting relief from a judgment under ORCP 71 B for abuse of discretion. However, whether a moving party has asserted a cognizable ground for relief under ORCP 71 B is a legal conclusion that we review for errors of law. If the trial court made express or implied findings of fact in reaching that legal conclusion, we accept those findings if they are supported by evidence in the record. *Union Lumber Co.*, 360 Or at 777-78. In other words, the decision whether to grant or deny a motion brought under ORCP 71 B involves two determinations subject to our review. First, the trial court determines whether the moving party has asserted a valid basis for relief. If the moving party has done so, then the court makes a second, discretionary determination, whether to grant relief on the asserted basis and on what terms. The court makes that second, discretionary determination "consistent with principles promotive of the regular disposition of litigation." *Union Lumber Co.*, 360 Or at 778. The upshot of that two-part decision is that, if we determine on appeal

that the moving party has not asserted a valid basis for relief, our inquiry ends there. Consequently, we first determine whether defendant asserted a valid basis for relief. If we conclude that she did not, the trial court did not err in denying her motion.

The relevant provision of ORCP 71 B(1)(e) states that a court may grant relief from a judgment if "it is no longer equitable that the judgment should have prospective application." Under that rule, then, to assert a cognizable ground for relief, defendant must demonstrate that the prospective application of the judgment is "no longer equitable."[1] That particular provision of ORCP 71 B(1)(e) codifies the common-law rule that "a judgment with prospective operation may be subject to change based upon changed conditions." *Dept. of Human Resources v. Shinall*, 148 Or App 560, 565-66, 941 P2d 616 (1997). Under the common-law rule, a person subject to a judgment could "obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not have been taken advantage of otherwise." *Wimber v. Timpe*, 109 Or App 139, 145, 818 P2d 954 (1991).

The case law applying the "no longer equitable" provision of ORCP 71 B(1)(e) is sparse. In *Shinall*, the trial court set aside a judgment declaring the paternity of a child after new evidence came to light that indicated the possibility that a different man was the father. *Shinall*, 148 Or App at 562-63. Relying on the common-law "antecedents" of ORCP 71 B(1)(e), we held that the rule did not support setting aside the judgment because doing so would change the substantive provisions of the judgment rather than the manner of enforcement. *Id.* at 566. In contrast, in *Albrich v. Allstate Ins. Co.*, we affirmed a trial court's decision to set aside a judgment under ORCP 71 B(1)(e). 152 Or App 416, 419, 954 P2d 216, *adh'd to on recons*, 154 Or App 255, 962 P2d 699 (1998), *rev den*, 328 Or 365 (1999). There, the

---

[1] It is unclear what, if any, circumstances might exist where we would conclude that a trial court did not abuse its discretion in denying a ORCP 71 B(1)(e) motion if the trial court had concluded that the moving party had asserted a cognizable ground for relief by demonstrating that the prospective application of the judgment is no longer equitable. However, that issue is not properly before us in the present case.

plaintiff was injured in a car accident and sought coverage from his insurer under his underinsured motorist coverage. The plaintiff received an arbitration award in excess of his coverage, but the award did not determine the extent of the other driver's liability. The plaintiff then settled his claim with his insurer. When he was later unsuccessful in his suit against the other driver, he filed the arbitration award as a judgment to recover the full amount of his coverage. The insurer moved to set aside the judgment. *Id.* at 418-19. We held that it was "not equitable for plaintiff to enforce a judgment that is based on a claim that he released before the entry of judgment." *Id.* at 419. Those cases, along with the common-law rule, provide some limited guidance in understanding when a moving party has demonstrated that the enforcement of a judgment is no longer equitable under ORCP 71 B(1)(e). Perhaps because the provision is rooted in equity, it is difficult to discern a bright line rule for the provision's application. But the above cases at least establish goalposts within which a trial court may determine whether the enforcement of a judgment is no longer equitable. From *Shinall*, we understand that, given the strong policy favoring the finality of litigation, a change in circumstances that results in some unfairness may not be enough to escape the conclusive effect of a judgment. Rather, a change in conditions or circumstances is more likely to constitute a valid basis for concluding that the enforcement of the judgment is no longer equitable if the change makes enforcement of the judgment unnecessary or somehow thwarts the aim of the judgment, as in *Albrich*.

With that background in mind, we turn to our analysis of whether defendant has asserted a cognizable ground for relief by demonstrating that enforcement of the judgment is no longer equitable, which, as we explained above, is a legal question. As noted, defendant argues that the judgment did not extinguish the right of survivorship and that, therefore, title passed to her at the time of Webb's death. That purported change in ownership is defendant's asserted basis for concluding that it "is no longer equitable that the judgment should have prospective application."

We conclude that defendant has not asserted a valid basis for concluding that the prospective enforcement of the

judgment is no longer equitable. In reaching that decision, we do not decide whether the judgment did or did not extinguish the right of survivorship. That is, we do not believe enforcement of the judgment is no longer equitable, even assuming that defendant is the sole owner by operation of the right of survivorship due to the parties' failure to follow the court's judgment and sell the property before Webb's death.

Defendant only briefly addresses *why* enforcement of the judgment is no longer equitable if title has passed to defendant. Defendant primarily contends that, because Webb's interest in the property passed to her instead of his estate, plaintiff has "no basis for claiming an interest in the property or for seeking enforcement of the general judgment." We disagree with defendant's assertion that plaintiff has no equitable basis for seeking to enforce the judgment.

As the trial court explained, this case was treated by the court and the parties as if it were a dissolution of an unregistered domestic partnership case. Therefore, the principles applicable to an action to dissolve a domestic partnership applied and the court had the authority to divide the assets in accordance with the parties' intent. *Beal v. Beal*, 282 Or 115, 122, 577 P2d 507 (1978) (parties' intent should control property distribution in nonmarital dissolution cases); *Manley v. McKinney*, 313 Or App 544, 554-55, 496 P3d 663 (2021) (party cannot circumvent the legal principles that apply when distributing real property between two people in a nonmarital domestic relationship by filing a partition action). The court found that the parties intended to share the assets accumulated during the relationship equally.

Accordingly, the court entered a final judgment declaring the rights and obligations of the parties. ORS 18.082(1)(a) (upon entry of a judgment, the judgment "governs the rights and obligations of the parties that are subject to the judgment"). In the judgment, Webb and defendant were both ordered to sell the property and to share the proceeds as outlined in the judgment. The judgment also specifically ordered "[b]oth parties [to] cooperate with the sale of the property." *Rodrigues and Gerhards*, 303 Or App 770,

776, 466 P3d 1016 (2020) (In interpreting a judgment, "our goal is to give effect to the trial court's intent," and, if the judgment "is unambiguous, subject to only one reasonable interpretation, we simply look to the text of the judgment to determine its meaning.").

Thus, under the plain terms of the judgment, both Webb and defendant had *rights* to half the proceeds of the sale and *obligations* to participate in the sale. Those rights and obligations, as set forth in the judgment, were clearly stated and unconditional. That is, those rights and obligations were not conditioned or dependent upon both parties, together, holding title to the property. Defendant was and still is obligated to participate in the sale under the judgment. Webb had—and his estate now has—a right to half the proceeds of that sale. ORS 115.305 ("All causes of action or suit, by one person against another, survive to the personal representative of the former and against the personal representative of the latter."); *State ex rel English v. Multnomah County*, 348 Or 417, 441 n 13, 238 P3d 980 (2010) (rejecting in a footnote the argument that the prevailing party's death extinguished her rights under trial court judgment); *Libby and Libby*, 23 Or App 223, 230, 541 P2d 1077 (1975) (property award granted in divorce was appealable by estate of spouse where spouse died after entry of decree but prior to initiation of appeal). We reject defendant's argument that the purported change in title would make a prospective enforcement of the judgment inequitable.

Apart from the alleged change in title, defendant does not identify other circumstances that might support a conclusion that enforcement of the judgment is "no longer equitable" under ORCP 71 B(1)(e). We do not foreclose the possibility that a party might assert a cognizable ground for relief under ORCP 71 B(1)(e) by demonstrating that enforcement of a judgment is no longer equitable for reasons related to fundamental unfairness. But we do not see, and defendant has not identified, anything in the judgment that has become so unfair as to conclude it is no longer equitable to enforce it. Both parties failed to enforce the judgment for several years, but neither was significantly disadvantaged by that delay. Webb benefited by possessing the property and defendant likewise benefited by accruing rent.

In fact, in our view, failure to enforce the 2011 judgment would lead to an inequitable result here. The court found that the parties intended to share equally in the property during their relationship, despite Webb's greater contribution to the purchase and maintenance of the property. To conclude that defendant was the sole owner of the property and leave plaintiff with no right to the proceeds of the sale due to the parties' failure to follow the court's order and judgment prior to Webb's death would amount to a windfall for defendant. That would be contrary to the intent of Webb and defendant both during their relationship and as later reflected in their conduct that led to the court's resolution of the 2011 litigation.

In conclusion, we hold that defendant has not asserted a valid basis for concluding that it would no longer be equitable for the 2011 judgment to have prospective application. Because defendant did not assert a cognizable basis for relief, we affirm the trial court's denial of defendant's ORCP 71 B(1)(e) motion and order granting plaintiff's motion to enforce the 2011 judgment.

Affirmed.