332 November 20, 2024 No. 835

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

M. A.,
*Petitioner-Respondent,*

*v.*

Nour Eddine MOUKTABIS,
*Respondent-Appellant.*

Clackamas County Circuit Court
18PO11790; A177857

Kathie F. Steele, Judge.

Argued and submitted September 30, 2024.

Nour Eddine Mouktabis argued the cause and filed the briefs *pro se.*

Sandra M. Faber argued the cause for respondent. Also on the brief was Faber Family Law Clinic LLC.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Petitioner obtained a Family Abuse Protection Act (FAPA) restraining order against respondent, her then-husband, in 2018. The restraining order came up for renewal a year later, the trial court dismissed it, a stay was issued pending appeal, and the order was dismissed with finality in January 2021. Meanwhile, immediately before it came up for renewal, respondent moved to set aside the restraining order under ORCP 71 B, based on fraud, misrepresentation, and newly discovered evidence. After appeal-related delays, a hearing was held on the ORCP 71 B motion in September 2021. The trial court denied the motion. Respondent appeals, arguing that he was entitled to relief under ORCP 71 B(1)(b), (c), and (e). Having reviewed the record and considered the parties' arguments, we affirm.

*Standard of review.* Respondent requests *de novo* review. *See* ORS 19.415(3)(b) (giving us discretion to make factual findings *de novo* in "an equitable action or proceeding"). It is unusual for us to be asked for *de novo* review of an ORCP 71 B ruling. Indeed, neither party has identified any prior case in which we have reviewed *de novo* an ORCP 71 B ruling. Even assuming that we have authority to do so, however, we are unpersuaded to do so here. The nature of the motion, the long history of this case, and the live testimony at the set-aside hearing all favor deferring to the trial court's view of the facts after making credibility assessments. Further, there is nothing so unusual about this case as to merit supplanting the trial court's view of the evidence with our own. *See* ORAP 5.40(8)(c) (limiting *de novo* review to "exceptional cases").

We therefore apply the normal standard of review for the denial of a motion to set aside under ORCP 71 B. An ORCP 71 B ruling "implicate[s] multiple standards of review." *Union Lumber Co. v. Miller*, 360 Or 767, 777, 388 P3d 327 (2017). As to factual findings underpinning the decision, we defer to the trial court's express or implied factual findings. *Id*. Whether a cognizable ground for relief has been shown is a question of law that we review for errors of law. *Id*. Finally, the decision whether to grant relief is a discretionary one that we review only for abuse of discretion. *Id*. at 778.

*ORCP 71 B(1)(b)*. Respondent moved to set aside the restraining order under ORCP 71 B(1)(b), which allows relief from a judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 64 F." As "new evidence" that the abuse allegations were false, respondent points to the testimony of three witnesses at the ORCP 71 B hearing, as well as petitioner's medical records admitted at that hearing. Respondent asserts that none of that evidence was available previously. The trial court denied the motion, reasoning that respondent had not persuasively shown that such evidence was unavailable in December 2018 and, thus, had not established a cognizable ground for relief under ORCP 71 B(1)(b). Having reviewed the record under the applicable standards of review, we find no reversible error.

*ORCP 71 B(1)(c)*. Respondent also moved to set aside the restraining order under ORCP 71 B(1)(c), which allows the trial court to relieve a party from a judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." In essence, respondent alleged that petitioner had lied at the December 2018 hearing and fabricated evidence to support her false testimony. The trial court denied the motion, reasoning that respondent had not proved to the court's satisfaction that petitioner had engaged in fraud or misrepresentation and, thus, had not established a cognizable ground for relief under ORCP 71 B(1)(c). Having reviewed the record under the applicable standards of review, we find no reversible error.

*ORCP 71 B(1)(e)*. Respondent lastly moved to set aside the restraining order under ORCP 71 B(1)(e), which allows the trial court to relieve a party from a judgment when "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, *or it is no longer equitable that the judgment should have prospective application*." (Emphasis added.) The trial court did not expressly rule on respondent's ORCP 71 B(1)(e) motion, thus implicitly denying it. On appeal, respondent argues that the trial court erred, because it is no longer equitable for the restraining order to have prospective application.

As a preliminary matter, we are skeptical that a dismissed restraining order can be said to have "prospective application." Public records of a past restraining order against respondent may have practical consequences for respondent, as he asserts, but that does not necessarily equate to the restraining order having "prospective application" within the meaning of ORCP 71 B(1)(e). The restraining order was dismissed long before the hearing on the ORCP 71 B motion, so it had no ongoing *application* to anyone as a court order.[1] *See Kerridge v. Jester*, 316 Or App 599, 608, 502 P3d 1206 (2021), *rev den*, 369 Or 507 (2022) (describing ORCP 71 B(1)(e) as allowing relief when "the *enforcement* of a judgment is no longer equitable" (emphasis added)).

Even if the order could be said to have prospective application, however, respondent did not establish a cognizable ground for relief under ORCP 71 B(1)(e).

ORCP 71 B(1)(e) "codifies the common law remedy of *audita querela*[,]" which was a "writ brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not have been taken advantage of otherwise." *Wimber v. Timpe*, 109 Or App 139, 145, 818 P2d 954 (1991) (internal quotation marks omitted); *see also Dept. of Human Resources v. Shinall*, 148 Or App 560, 565-66, 941 P2d 616 (1997) (the "no longer equitable" provision in ORCP 71 B(1)(e) codifies the common law rule "that a judgment with prospective operation may be subject to change based upon changed conditions" (internal quotation marks omitted)). We have treated ORCP 71 B(1)(e) as being limited to "what was available under the writ of *audita querela*." *Wimber*, 109 Or at 145.

As such, the key to a successful motion under ORCP 71 B(1)(e) is *changed conditions* since the entry of the judgment. No changed conditions were proved here. Respondent tried to prove changed conditions by arguing the discovery

---

[1] To be clear, no one is suggesting that the appeal is moot. Mootness has to do with whether obtaining the desired relief (set aside of the restraining order) would have a practical effect on respondent. Respondent asserts that it would, and we assume that is true. But whether a dismissed order has ongoing practical effects is a different question from whether it has "prospective application" within the meaning of ORCP 71 B(1)(e).

of new evidence under ORCP 71 B(1)(b), but that effort was unsuccessful. Respondent argues that the parties no longer live together and are able to interact regarding their children without incident, but that argument too is unavailing. That a restraining order is no longer needed is significant to whether it can be renewed, but it is not a basis to set aside a past order. Respondent did not establish a cognizable ground for relief under ORCP 71 B(1)(e).

For those reasons, we affirm the trial court's order denying set aside of the 2018 restraining order under ORCP 71 B.

Affirmed.