No. 481 May 29, 2025 813

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

EUGENE WEST UNIVERSITY OWNER, LLC,
and Union on Broadway,
*Plaintiffs-Respondents,*

*v.*

Xaire HAILASSIE
and all other occupants,
*Defendant-Appellant.*

Lane County Circuit Court
23LT19182; A183754

Beatrice N. Grace, Judge.

Submitted April 29, 2025.

Xaire Hailassie filed the brief *pro se*.

No appearance for respondents.

Before Aoyagi, Presiding Judge, Egan, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

### PER CURIAM

Defendant tenant appeals an order denying his motion to set aside an eviction judgment. Because the trial court did not abuse its discretion, we affirm.

In November 2023, plaintiff landlord filed a residential eviction action against defendant. Trial was set for December 29, 2023. Before opening statements, the parties conferred over the telephone and reached an agreement. Plaintiff's counsel read the agreement into the record, including each payment amount and when it would be due, and defendant confirmed that he was agreeing to all of those terms. Later the same day, the trial court signed and entered a "Stipulated Agreement and Order (FED)." It provided for the same payment plan that had been read into the record, which required defendant to pay $940 for rent by January 5, 2024; $8,000 for partial arrears by January 15, 2024; and additional amounts in February 2024 and March 2024.[1]

On January 30, 2024, plaintiff filed a declaration of noncompliance, stating that defendant had not fully paid the January amounts. The trial court entered an eviction judgment on February 1, 2024. A week later, defendant requested a hearing to contest the noncompliance declaration. At the hearing, plaintiff tried to play the official court recording of the December 29 hearing into the record, but it was inaudible due to a technical problem. Plaintiff then called to testify the attorney who had negotiated the December 29 settlement on plaintiff's behalf. The attorney testified that the agreement read into the record accurately reflected her agreement with defendant and that defendant had also agreed on the record. Defendant presented contrary evidence, testifying that he had not in fact agreed to the terms contained in the Stipulated Agreement and Order. The trial court credited the attorney's testimony, found that defendant had not complied with the agreement, and ordered that the eviction judgment remain in full force and effect.

Defendant then filed a motion to set aside the eviction judgment, arguing, as relevant here, that he complied

---

[1] The transcript of the December 29 hearing is part of the record on appeal, so we reference it in describing the facts leading up to the set-aside hearing.

with the parties' agreement by obtaining $8,000 in rental assistance that was paid to plaintiff in January. Treating it as a motion to set aside under ORCP 71 B(1)(e), the court stayed execution of any writ of execution and ordered plaintiff to respond to the motion. The court ultimately found that defendant "remained in arrears on payments required under the parties' Stipulated Order and Agreement, despite the $8,000 rental assistance payment." It lifted the stay, ordered that the eviction judgment remain in effect, and provided for the writ of execution to issue. The writ of execution issued on March 6, 2024.

On appeal, defendant argues that the trial court erred in denying his motion to set aside the eviction judgment and allowing the writ of execution to issue. Plaintiff does not appear on appeal. Our review is for abuse of discretion. *Kerridge v. Jester*, 316 Or App 599, 604, 502 P3d 1206 (2021), *rev den*, 369 Or 507 (2022) ("We review a trial court's ultimate determination granting relief from a judgment under ORCP 71 B for abuse of discretion."). Importantly, we are bound by the trial court's express and implied factual findings in deciding whether it abused its discretion in denying set aside. *Id*.

As he did in the trial court, defendant argues that he did not actually agree to the terms in the Stipulated Agreement and Order and that the $8,000 payment satisfied the terms of the actual agreement. That argument is unavailing in light of the trial court's finding that defendant agreed to the terms contained in the Stipulated Agreement and Order—a finding that is supported by evidence in the record, specifically the testimony of plaintiff's attorney who negotiated the agreement, and therefore binding on appeal. The trial court was not obligated to credit defendant's contrary testimony. Because the trial court found that defendant agreed to the terms in the Stipulated Agreement and Order, and because defendant did not fully comply with those terms (notwithstanding the $8,000 payment), the trial court did not abuse its discretion by denying defendant's motion to set aside the eviction judgment. The judgment is affirmed.

Affirmed.