Argued and submitted June 12, reversed October 2, 1991

In the Matter of the Adoption of
Charlene Marie Wimber, a Minor Child.

Larry Floyd WIMBER,
*Appellant,*
*and*

Linda Mae WIMBER,
*Respondent,*

*v.*

Charles TIMPE,
*Respondent.*

(D8711-67843)

In the Matter of
Wimber, Charlene Marie, a Minor Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
Children's Services Division
and Charlene Marie Wimber,
*Respondents,*

*v.*

Larry Floyd WIMBER,
*Appellant,*
*and*

Linda Mae WIMBER
and Charles Timpe,
*Respondents.*

(73668; CA A67461)

818 P2d 954

Ivan J. Vesely, Portland, argued the cause and filed the brief for appellant.

Angela Sherbo, Portland, argued the cause for the child, Charlene Wimber. With her on the brief was Julie H. McFarlane, Portland.

Mark S. Womble and Parker, Bowe & Blakely, P.C., Hood River, filed the brief for respondent Charles Timpe.

No appearance by respondent Linda Mae Wimber.

No appearance by respondents Juvenile Department of Multnomah County and Children's Services Division.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Appellant appeals from an order setting aside a decree of adoption. He argues that the trial court did not have authority to vacate the decree. We reverse.

■    Appellant adopted child, then 8 years old, in 1987 after child's biological father (Timpe) consented to the adoption. Respondent Linda Mae Wimber was married to appellant at the time. An attorney was appointed to represent child in February, 1990, after a petition was filed alleging that child was within the jurisdiction of the juvenile court. In 1990, appellant was convicted of sexually abusing child. Child was made a ward of the court with temporary commitment to Children's Services Division (CSD). Thereafter, child's attorney moved to vacate the decree of adoption and to reinstate Timpe's parental rights.[1] The trial court granted the motion and continued child as a ward of the court.

■    Appellant argues that the trial court had no statutory or common law authority to vacate the decree. A court, in dealing with an adoption, has only such powers as are conferred by statute or that can be regarded as inherent powers. *Dugger et ux v. Lauless,* 216 Or 188, 195, 338 P2d 660 (1959). Appellant asserts that, because neither ORS 109.381[2] nor

---

[1] Child's attorney moved to consolidate the juvenile court proceeding and the adoption proceeding in circuit court for purposes of the motion to set aside the decree of adoption. The motion was granted. Later, the trial court set aside the adoption, reinstated Timpe's parental rights and continued the child as a ward of the court. Although the parties do not raise the issue, we are required to examine the trial court's jurisdiction on our own motion. *Ackerly v. Mt. Hood Comm. College,* 51 Or App 801, 804 n 1, 627 P2d 487, *rev den* 291 Or 309 (1981). Whether a matter is heard in one department or another of the same court has no bearing on the question of subject matter jurisdiction. *Parker v. Talkington,* 17 Or App 147, 153, 521 P2d 25 (1974).

Also, appellant did not raise in the trial court the propriety of child's bringing this action to set aside the decree of adoption without the appointment of a guardian *ad litem. See* ORCP 27. That the child appears without a guardian *ad litem* does not defeat our jurisdiction. *Round v. State Ind. Accident Com.,* 154 Or 400, 60 P2d 601 (1936). Moreover, father's failure to raise a defense that the child did not have the legal capacity to sue was waived. *See* ORCP 21A(4); ORCP 21G(2).

[2] ORS 109.381 provides, in part:

"(2) Except for such right of appeal as may be provided by law, decrees of adoption shall be binding and conclusive upon all parties to the proceeding. No party nor anyone claiming by, through or under a party to an adoption proceeding, may for any reason, either by collateral or direct proceedings, question the validity of a decree of adoption entered by a court of competent jurisdiction of

ORCP 71B(1)[3] authorizes vacation of the decree under the circumstances, the trial court erred. Specifically, he argues that ORS 109.381 is inapplicable, because more than one year has expired since the entry of the decree.

Respondents[4] argue that the one year Statute of Limitations was tolled by the child's minority under ORS 12.160(1)[5] so that ORS 109.381(3) does not bar child's

---

this or any other state.

"(3) After the expiration of one year from the entry of a decree of adoption in this state the validity of the adoption shall be binding on all persons, and it shall be conclusively presumed that the child's natural parents and all other persons who might claim to have any right to, or over the child, have abandoned the child and consented to the entry of such decree of adoption, and that the child became the lawful child of the adoptive parents or parent at the time when the decree of adoption was rendered, all irrespective of jurisdictional or other defects in the adoption proceeding; after the expiration of such one-year period no one may question the validity of the adoption for any reason, either through collateral or direct proceedings, and all persons shall be bound thereby; provided, however, the provisions of this subsection shall not affect such right of appeal from a decree of adoption as may be provided by law."

[3] ORCP 71B(1) provides:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 64 F.; (c) fraud, misrepresentation or other misconduct of an adverse party; (d) the judgment is void; or (e) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. A motion for reasons (a), (b), and (c) shall be accompanied by a pleading or motion under Rule 21 A. which contains an assertion of a claim or defense. The motion shall be made within a reasonable time, and for reasons (a), (b), and (c) not more than one year after receipt of notice by the moving party of the judgment. A copy of a motion filed within one year after the entry of the judgment shall be served on all parties as provided in Rule 9 B., and all other motions filed under this rule shall be served as provided in Rule 7. A motion under this section does not affect the finality of a judgment or suspend its operation."

[4] Our reference to "respondents" includes child and Timpe. There was no appearance by mother or the state.

[5] ORS 12.160(1) provides:

"If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050 and 12.070 to 12.250 is:

"(1)  Within the age of 18 years,

"* * * * *

"the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be

motion to set aside the decree of adoption. Alternatively, they argue that the trial court had authority to vacate the decree under ORCP 71B(1)(c) or (e) or under its inherent authority to act. *See* ORCP 71C.

■ By its express terms, ORS 12.160 applies only to actions mentioned in ORS 12.010 to ORS 12.050 and ORS 12.070 to ORS 12.250. An action to set aside a decree of adoption under ORS 109.381 is not mentioned in those statutes.[6] ORS 12.010 provides that, when a different limitation is prescribed by statute, ORS chapter 12 is inapplicable. Moreover, to apply the tolling provisions of ORS 12.160 to adoption proceedings would defeat the legislative policy expressed in ORS 109.381 that adoptions be final and binding on all persons after the expiration of one year from entry of the decree. *See Watkins v. Chirrick,* 19 Or App 241, 245, 526 P2d 1399 (1974). If we were to apply the tolling provisions here, it would expose birth parents, adoptive parents and adopted children to the uncertainty that an adoption decree could successfully be attacked until the disability ceased. We conclude that the trial court was without authority to vacate the decree under ORS 109.381.

■ Respondents also argue that the trial court had the authority to vacate the adoption under ORCP 71. Oregon Rules of Civil Procedure apply to all civil actions and special proceedings, except where a different procedure is specified by statute or rule. ORCP 1A. ORS 109.381(3) refers to "collateral or direct proceedings," but it does not provide a "different procedure" than the rules for objecting to a decree of adoption. Therefore, ORCP 71 applies to actions under ORS 109.381.

■ ORCP 71B(1)(c) authorizes a court to relieve a party from a judgment because of "fraud, misrepresentation, or other misconduct of an adverse party." The trial court found:

"The adoptive father's sexual offenses against his adoptive daughter occurred before and during the time he was

brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases."

[6] Timpe argues that ORS 12.117 applies to this case. He did not raise that argument before the trial court, and we do not address it.

> petitioning this court for adoption, which petition was signed under oath and alleged that he was a fit and proper person to adopt the child, constituting fraud, misrepresentation, misconduct, and fraud upon the court on his part."

However, motions under ORCP 71B(1)(c) must be made within one year after receipt of notice of the judgment by the moving party. That limitation is not tolled by child's minority for the same reason that ORS 109.381 was not tolled. The trial court had no authority to vacate the decree under ORCP 71B(1)(c).

■     The trial court found:

> "Because of the adoptive father's extreme conduct towards the child, it is no longer equitable that the Decree of Adoption have prospective application. It is in the best interests of the child that she be free of a continuing seriously detrimental relationship with her adoptive father and that she be allowed to reestablish her relationship with her biological father."

ORCP 71B(1)(e) authorizes relief from a judgment when "it is no longer equitable that the judgment should have prospective application" and has no time limitation except that the motion must be made "within a reasonable time." The rule codifies the common law remedy of *audita querela.* Council on Court Procedures, Staff Comment, reprinted in Merrill, *Oregon Rules of Civil Procedure: 1990 Handbook* 228. *Audita querela* was the name of the writ "brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not have been taken advantage of otherwise." *Black's Law Dictionary* 131 (6th ed 1990). It was superceded by the adoption of ORCP 71. The writ had been used to obtain relief from a judgment that previously had been paid. *See Herrick v. Wallace et al.,* 114 Or 520, 236 P 471 (1925). The parties have not cited any legislative history to show that the legislature intended to expand the scope of ORCP 71B(1)(e) beyond what was available under the writ of *audita querela,* and we are not persuaded that the Council on Court Procedures intended such a result. Therefore, in the light of the fact that appellant was sexually abusing child before the decree, relief under ORCP 71B(1)(e) is not available.

■■      Finally, we consider respondents' argument that the court had inherent authority to set aside the adoption. ORCP 71C[7] recognizes the inherent power of a court to vacate a judgment because of fraud. However, the power is limited. In *Johnson v. Johnson,* 302 Or 382, 394, 730 P2d 1221 (1986), the court said that the test for fraud sufficient to set aside a judgment is the same under either ORCP 71B(1)(c) or ORCP 71C. It noted that, since 1894, Oregon courts have recognized a distinction between extrinsic and intrinsic fraud in determining whether relief from a judgment will be granted and declined to abolish the distinction. That distinction defeats respondents' argument.

■■      Relief will be granted on the basis of extrinsic fraud under ORCP 71C but will be denied if the fraud is intrinsic. Extrinsic fraud consists of acts not involved in the factfinder's consideration of the merits of the case. *Johnson v. Johnson, supra,* 302 Or at 384. Relief is granted because the unsuccessful party has been prevented by the fraud from fully trying the case. As a result, there never has been a real contest of the subject matter of the litigation before the court. In contrast, intrinsic fraud consists of acts that pertain to the merits of the case, such as perjured testimony. Intrinsic fraud will not provide a basis for relief from a judgment, because the litigant had an opportunity to refute the representations. When that opportunity is not used, the litigant is denied relief because of a policy that there must be finality in litigation. *O.-W.R. & N. Co. v. Reid,* 155 Or 602, 609, 65 P2d 664 (1937).

It was fraudulent for appellant to represent to the court that he was a fit and proper person to adopt child when, during the same time period, he was abusing her. That fraud was intrinsic and went to the merits of the case. Although we strongly condemn appellant's conduct, we must conclude that the trial court acted without authority when it set aside the decree of adoption.[8]

---

[7] ORCP 71C provides:

"This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under Rule 7D.(6)(f), or the power of a court to set aside a judgment for fraud upon the court."

[8] We express no opinion as to the availability of a proceeding under ORS

Reversed.

419.523 *et seq* to terminate appellant's parental rights.