LAGESEN, P. J.
*1234 *50 Mother appeals an order denying her motion under ORS 419B.923 to set aside a judgment terminating her parental rights to her daughter A. After the parties submitted their briefs in this matter, a petition for A's adoption was granted. The Department of Human Services (DHS) then moved to dismiss the appeal as moot, on the ground that ORS 419B.923(3) now precludes mother from obtaining any relief pursuant to ORS 419B.923, in view of the grant of the petition for A's adoption. ORS 419B.923(3) (providing, in relevant part, "no order or judgment pursuant to ORS 419B.527 may be set aside or modified during the pendency of a proceeding for the adoption of the ward, nor after a petition for adoption has been granted"); Dept. of Human Services v. B. A. S./J. S. , 232 Or. App. 245, 265, 221 P.3d 806 (2009), rev. den. , 348 Or. 280, 230 P.3d 933 (2010) (in view of ORS 419B.923(3), the grant of an adoption petition mooted appeal from denial of motion under ORS 419B.923 ). We agree that, in view of ORS 419B.923(3), the appeal is moot. Accordingly, we dismiss.
As the parties recognize, we addressed a similar issue in B. A. S./J. S . There, as here, the parents appealed orders denying their motions under ORS 419B.923(3) to set aside judgments terminating their parental rights to their children. B. A. S./J. S. , 232 Or. App. at 248. During the pendency of the appeal, the petitions for the adoptions of their children were granted. Id. We concluded that that fact rendered parents' appeal moot for three reasons. First, under ORS 419B.923(3), the grant of the petitions for the children's adoptions precluded the grant of the parents' motions, regardless of the merits of those motions. Id . at 253-56, 221 P.3d 806. Second, under the circumstances of that case, the granting of the motions also would not fall within the court's inherent authority, which is not displaced by ORS 419B.923. Id . at 254-59, 221 P.3d 806 ; see ORS 419B.923(8) (explaining that statutory procedures do not affect a juvenile court's inherent authority to modify or set aside a judgment for fraud). Third, we concluded that the limitations on post-judgment relief following the completion of an adoption did not violate the parents' rights to procedural due process. B. A. S./J. S. , 232 Or. App. at 259-65. We reasoned, among other things, that the parents had sufficient procedural avenues available to *51 them to protect their rights during the litigation of an ORS 419B.923 motion that the legislative choice to protect the finality of adoption judgments did not violate procedural due process, especially in view of the importance of achieving permanency for affected children. Id . at 265, 221 P.3d 806.
Notwithstanding its similarities to this case, mother contends that B. A. S./J. S. does not compel dismissal of this appeal. She advances three primary arguments in support of that contention. We address each of them.
Mother first contends that, unlike in B. A. S./J. S. , the granting of her motion would be within the juvenile court's inherent authority and, thus, ORS 419B.923(3) does not operate to displace the court's authority to grant her motion. ORS 419B.923(8) ("This section does not limit the inherent power of a court to modify an order or judgment within a reasonable time or the power of a court to set aside an order or judgment for fraud upon the court."). In particular, mother points out that she alleged in her ORS 419B.923 motion that she was entitled to relief from the termination judgment for fraud. Thus, mother reasons, the court retained the inherent authority to grant her motion, notwithstanding other provisions of ORS 419B.923, including ORS 419B.923(3).
Longstanding Oregon law compels us to reject mother's argument. As we have explained, under that precedent, a court's inherent authority does not extend to setting aside a judgment for all types of fraud. Rather, a court has the inherent authority to set *1235 aside a judgment for extrinsic fraud only. Wimber v. Timpe , 109 Or. App. 139, 146, 818 P.2d 954 (1991) ;[1] see Johnson v. Johnson , 302 Or. 382, 394, 730 P.2d 1221 (1986). "Extrinsic fraud consists of acts not involved in the fact finder's consideration of the merits of the *52 case." Wimber , 109 Or. App. at 146, 818 P.2d 954. A court's inherent authority does not extend to setting aside a judgment for intrinsic fraud, that is, fraud that "consists of acts that pertain to the merits of the case, such as perjured testimony." Id. The reason for that is "because the litigant had an opportunity to refute the representations. When that opportunity is not used, the litigant is denied relief because of a policy that there must be finality in litigation." Id .
Here, mother's allegations of fraud (to the extent that they identify fraud at all in an understandable, non-conclusory way) are allegations of intrinsic fraud. As we read her motion, mother alleges that her DHS caseworker made false statements on the witness stand, and that the psychological evaluation of mother was founded, in part, on incorrect information provided to the psychologist by DHS. Because the termination trial afforded mother the opportunity to contest the DHS worker's statements and the foundation for the conclusions in the psychological evaluation, mother's allegations of fraud are of intrinsic fraud. The juvenile court, therefore, would not have the inherent authority to grant relief from judgment based on those allegations of fraud. Id. (reversing order setting aside adoption decree where court had acted outside its inherent authority by granting relief based on intrinsic fraud).
Mother next asserts that it would violate principles of procedural due process for us to conclude that the procedural bar in ORS 419B.923(3) renders this appeal moot. For reasons similar to those stated in B. A. S./J. S. , we reject that argument. In particular, as we recognized in B. A. S./J. S. , there are procedural mechanisms to maintain the status quo during the pendency of an appeal to protect the rights of the appellant. Mother could have, for example, requested the juvenile court to enjoin DHS from consenting to A's adoption under ORS 419B.527 during the pendency of the appeal. Mother has not demonstrated persuasively that such procedures are inadequate to comport with due process.
Finally, mother argues that this appeal is not moot because, in her view, a favorable resolution would mean that the adoption of A would have to be invalidated. But, as we *53 have explained, the juvenile court has neither statutory nor inherent authority to set aside the termination judgment under the circumstances of this case. In the absence of such authority, resolution of the merits of this appeal cannot have the effect of invalidating the adoption.
For the above reasons, the grant of the petition for A's adoption renders this appeal moot.
Appeal dismissed.

In Wimber , the court addressed both the scope of a court's authority to set aside a judgment for fraud under ORCP 71 B(1)(c), as well as the scope of a trial court's inherent authority to set aside a judgment for fraud. We concluded that, under both ORCP 71 B and the court's inherent authority, a court had the authority to set aside a judgment for extrinsic fraud only. Wimber , 109 Or. App. at 146, 818 P.2d 954. In 2012, ORCP 71 B was amended to specify that a judgment may be set aside under that provision on the basis of fraud "whether previously called intrinsic or extrinsic." ORCP 71 B(1)(c). The amendment to ORCP 71 B does not affect our holding in Wimber as to the scope of a court's inherent authority.