Argued and submitted December 5, affirmed December 29, 2022

In the Matter of the Marriage of

Patricia C. HILL,
nka Patricia C. LaSalle,
*Petitioner-Respondent,*

*v.*

Thomas W. HILL,
*Respondent-Appellant.*

Deschutes County Circuit Court
13DS0598; A176750

523 P3d 163

In this marital dissolution case, husband appeals from an order of the trial court denying his motion under ORCP 71 A or C to set aside a supplemental judgment dividing with wife his Tier One pension from the Public Employees Retirement System (PERS). Husband contends that the trial court abused its discretion in failing to set aside the judgment based on an oversight or omission by the dissolution court or under the court's inherent authority to correct an extraordinary error, because, inconsistent with the parties' general judgment, the supplemental judgment mistakenly allocated to wife's account a portion of husband's employer's Money Match contribution to husband's pension. *Held*: The trial court's explanation for why it rejected husband's request for relief from the supplemental judgment shows that it did not abuse its discretion in determining that the entry of the supplemental judgment was not the result of an oversight or omission or was not an extraordinary error that the court was required to correct under its inherent authority.

Affirmed.

Alicia N. Sykora, Judge.

Brad S. Daniels argued the cause for appellant. Also on the briefs were Jacob C. Goldberg and Stoel Rives LLP.

David G. Brown argued the cause for respondent. Also on the brief was Merrill O'Sullivan, LLP.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In this marital dissolution case, husband appeals from an order of the trial court denying his motion under ORCP 71 A and C to set aside a supplemental judgment dividing his Tier One pension from the Public Employees Retirement System (PERS). We review the trial court's ruling for an abuse of discretion, *Cam and Cam*, 216 Or App 358, 364, 174 P3d 1018 (2007), conclude that the trial court did not abuse its discretion in denying the motion, and therefore affirm.

In August 2016, the dissolution court dissolved the parties' marriage of 40 years by a stipulated general judgment of dissolution. The general judgment provided that wife would be entitled to "the specified amount of $172,516" from husband's Tier One pension account with the Oregon Public Employees Retirement System (PERS), and that husband was entitled to his "PERS Tier [One] [account], less the sum of $172,516 distributed to [wife]."

In their dissolution proceeding, wife was represented by attorney Brown, and husband was represented by attorney Johnson. In October 2017, wife hired attorney Williams, a specialist in PERS qualified domestic relations orders (QDROs), to draft an order setting forth the terms of the general judgment's division of husband's PERS pension, pursuant to ORS 238.465 (describing requirements for PERS pension payments to an "alternate payee," "to the extent expressly provided for in the terms of any judgment of annulment or dissolution of marriage or of separation, or the terms of any court order or court-approved property settlement agreement incident to any judgment of annulment or dissolution of marriage or of separation").

Williams drafted a QDRO that provides that wife is entitled to $172,516 from husband's Tier One PERS account, and that "[wife's] account shall also be credited with its proportionate share of the Money Match benefit at the time Participant becomes eligible to receive retirement, disability or death benefits."[1] Williams shared a draft of the proposed

_____

[1] Upon retirement, Tier One PERS members receive a defined benefit in the form of a service retirement allowance calculated using one of three formulas:

QDRO with Brown and Johnson, along with a letter including an explicit description of the effect of the inclusion of the Money Match, and Brown and Johnson agreed to it.[2]

The dissolution court incorporated the QDRO in a supplemental judgment signed by Brown and Johnson. The supplemental judgment attached as exhibits and incorporated by reference the PERS forms for designating an alternate payee. The form relating to the division of husband's Tier One pension with wife as an "alternate payee" asked, "Is the alternate payee awarded a share of employer matching dollars?" Williams had checked the box "yes." Brown and Johnson had also reviewed and approved that document before it was submitted to the court.

The parties were not signatories to the QDRO; only their lawyers signed. Husband asserted that he had not consented to share with wife the Money Match portion of his pension and did not become aware of the QDRO or the supplemental judgment until "mid-2018." Husband filed a motion under ORCP 71, seeking to correct the supplemental judgment under ORCP 71 A or C to eliminate the provisions relating to payment to wife's account of a share from the Money Match portion of husband's pension.

At a hearing on the motion, husband testified that he had had no intention to share the Money Match portion of his pension with wife; wife testified, in contrast, that she assumed that she would have a share of the Money Match. Williams testified that, in drafting the QDRO, he had referred to the general judgment of dissolution, and that he had not interviewed the parties. He offered the opinion that, unless it is expressly excluded from the general judgment,

---

Full Formula, Formula Plus Annuity, or Money Match. *James v. State of Oregon*, 366 Or 732, 735, 471 P3d 93 (2020). Under the Money Match method, the retired member receives an annuity based on his or her member account balance, which is matched by an equal annuity that the member's employer funds. *See Strunk v. Public Employees Retirement Board*, 338 Or 145, 160-61, 108 P3d 1058 (2005) (detailing the benefit formulas).

  [2] Williams's letter to Brown and Johnson stated:

"Specifically, $172,516 of [husband's] account as of December 31, 2015, plus subsequent earnings thereon, is to be assigned into a separate account to be established in [wife's] name. The account will be doubled by the 'money match' benefit at the time of retirement."

the alternate payee's share of a Tier One PERS pension generally includes a proportionate share of the Money Match portion of the pension. Thus, in drafting the QDRO, Williams assumed that the parties intended that wife's account would include a proportionate share of the Money Match portion of husband's pension. As noted, the parties' attorneys signed the supplemental judgment incorporating the QDRO that Williams drafted.

ORCP 71 A provides:

"Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own motion or on the motion of any party and after such notice to all parties who have appeared, if any, as the court orders."

At the relevant time,[3] ORCP 71 C provided:

"This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under Rule 7 D(6)(f), or the power of a court to set aside a judgment for fraud upon the court."

Husband asserted that the supplemental judgment's inclusion in wife's account of a proportionate share of the Money Match portion of his pension was inconsistent with the terms of the general judgment, which he argued should be deemed to control, and that the supplemental judgment should therefore be corrected under ORCP 71 A, as a "clerical mistake." He further contended that the error was sufficiently grave to support the court's exercise of its inherent authority under ORCP 71 C to grant relief by removing the Money Match provisions from the supplemental judgment.

The trial court denied husband's motion to set aside the supplemental judgment. The court rejected husband's assertions relating to contract construction and whether the general judgment should control over the terms of

_____

[3] In 2021, the legislature amended ORCP 71 C by Oregon Laws 2021, chapter 97, section 2, effective January 1, 2022, but the amendment was not substantive and does not bear on this case.

the supplemental judgment. The court concluded that the record would not support a finding that the inclusion of the Money Match was the result of a clerical mistake—rather, the court concluded, it was the result of a judgment call by Williams that was agreed to by both parties' counsel; thus, the court declined to grant relief under ORCP 71 A. The court further reasoned that this case does not present the type of extraordinary circumstance—fraud, duress, technical error, or error of the court—that might support the exercise of the court's inherent authority to grant relief from the judgment under ORCP 71 C.

On appeal, husband contends that the trial court abused its discretion in declining to set aside the supplemental judgment. In his first assignment, he reasserts his contention that the supplemental judgment should be set aside because it is inconsistent with the general judgment, which he argues should control and which made no mention of the Money Match portion of husband's pension and very clearly provided that husband was entitled to his full PERS Tier One pension, less wife's share in the amount of $172,516. Wife responds that the general judgment is ambiguous as to the parties' intentions with respect to the Money Match portion of the pension, and that the supplemental judgment simply clarified the parties' intentions.

It is possible, as husband contends, that, in allocating to wife's account a part of the Money Match portion of his pension, the QDRO and supplemental judgment went beyond the terms of the general judgment, which stated a specific dollar amount and made no reference to Money Match. But the parties were free to agree to those terms, even if their agreement modified the general judgment. *See Spady v. Graves*, 307 Or 483, 488, 770 P2d 53 (1989) (Although the court could not do so, after the entry of a dissolution judgment, the parties are free to negotiate and agree to a modification or settlement of the property division between themselves.). Further, as the trial court correctly observed, whether husband has established a basis for relief from the supplemental judgment under ORCP 71 does not depend on a construction of the two judgments or whether one judgment should be enforced over the other; rather, it depends on whether husband is entitled to relief under the

criteria described in ORCP 71 A or C. We turn to that issue, which is presented by husband's second and third assignments of error.

Under ORCP 71 A, the court may correct a judgment that includes "clerical mistakes" or arises "from oversight or omission." At the hearing, husband argued only that the supplemental judgment was entered as the result of a clerical mistake by the dissolution court. The trial court concluded that the supplemental judgment was not the result of a clerical mistake. In his second assignment of error, husband does not seriously dispute that conclusion. *See Ramis Crew Corrigan & Bachrach, LLP v. Stoelk*, 193 Or App 700, 707, 92 P3d 154 (2004) (A clerical mistake is a mistake or omission that is not a "deliberate result or judicial reasoning and determination, regardless of whether it was made by the clerk, by counsel or by the judge." (Quoting *Hopkins and Hopkins*, 102 Or App 655, 658-59, 796 P3d 660 (1990), *rev den*, 311 Or 87 (1991).)). Rather, husband now contends that the supplemental judgment was entered by the dissolution court through an oversight or omission in failing to notice that the Money Match provision of the supplemental judgment was inconsistent with the general judgment.

The trial court did not make an explicit finding about "oversight or omission," since it was not specifically asserted by the parties. Thus, the argument that husband now makes does not appear to be preserved. But assuming that husband's contentions below about "clerical mistake" under ORCP 71 A preserved the "oversight or omission" issue for our review, *see McClure v. Lebenbaum*, 181 Or App 268, 274, 45 P3d 1038 (2002) (stating that a "clerical" mistake is the kind of mistake in a judgment that causes the judgment, through oversight or omission, not to reflect what occurred in the proceeding that led to the judgment), we reject it. After the entry of the general judgment, the parties, through their attorneys, entered into an agreement concerning the division of husband's PERS pension, which, as we have noted, they were free to do. *Spady*, 307 Or at 488. The supplemental judgment accurately reflected the parties' agreement. Under that circumstance, we conclude that the evidence would support the conclusion that the dissolution court's entry of the supplemental judgment was not

the result of an oversight or omission. We therefore reject husband's contention in his second assignment of error that the trial court abused its discretion in denying husband's motion under ORCP 71 A.

Under ORCP 71 C, the court has inherent power "to entertain an independent action to relieve a party from a judgment." In his third assignment, husband contends that the trial court abused its discretion in failing to exercise its inherent authority under ORCP 71 C to grant relief from or to correct what husband characterizes as an erroneous supplemental judgment.

As the trial court correctly explained, we have held that a court's inherent authority to modify a judgment under ORCP 71 C exists only to make technical amendments, to correct trial court error, or to grant relief in "extraordinary circumstances," such as fraud, duress, breach of fiduciary duty or gross inequity. *See Taylor v. Morrison*, 188 Or App 519, 524, 72 P3d 654 (2003); *see also Kelly v. Owens*, 175 Or App 103, 109, 27 P3d 514, *rev den*, 332 Or 631 (2001). In rejecting husband's request for relief under ORCP 71 C, the trial court noted the absence of those circumstances—there was no fraud, the asserted discrepancy was not the result of court error, and the asserted discrepancy could not be fixed with a simple "technical correction." Rather, the court would be required to exercise judgment in determining whether the supplemental judgment was inconsistent with the general judgment. The trial court further noted that husband's counsel, on husband's behalf, had signed off on the QDRO after having been alerted by Williams to the Money Match provision and having had a full opportunity to object. The trial court's explanation shows that its decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, and that the trial court therefore did not abuse its discretion in denying husband's motion for relief under ORCP 71 C. *See State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000) (describing abuse of discretion standard of review).

Affirmed.