Submitted February 22, affirmed May 17, 2023

A. B. A.,
*Petitioner-Respondent,*

*v.*

Kent Howard WOOD,
*Respondent-Appellant.*

Multnomah County Circuit Court
17SK02038; A175899

530 P3d 522

Respondent appeals the denial of an ORCP 71 C motion to set aside a judgment for fraud. The trial court entered a permanent stalking order (SPO) against respondent for the protection of petitioner. Later, during family law proceedings regarding the parties' joint children, respondent obtained evidence that he believed showed that petitioner had lied in the SPO proceeding. Respondent moved under ORCP 71 C to set aside the SPO on the ground that it was obtained by fraud. *Held*: The trial court did not err in denying respondent's motion. ORCP 71 C recognizes the trial court's inherent authority to set aside a judgment obtained by extrinsic fraud. Such authority does not extend to intrinsic fraud. Because the motion was based on alleged acts of intrinsic fraud, the trial court lacked inherent authority to set aside the SPO under ORCP 71 C, and the trial court correctly denied the motion.

Affirmed.

Benjamin N. Souede, Judge.

Mark T. McLeod and Mcleod & McLeod filed the brief for appellant.

No appearance for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

The parties were previously in a romantic relationship. In November 2017, the trial court entered a permanent stalking protective order (SPO) against respondent for the protection of petitioner. During subsequent family law proceedings regarding the parties' joint children, respondent obtained evidence that he believes shows that petitioner lied in the SPO proceeding. In March 2019, respondent moved under ORCP 71 C to set aside the SPO on the ground that it was obtained by fraud.[1] The court denied the motion in April 2021. Respondent appeals. Petitioner has not appeared on appeal. We affirm.

ORCP 71 C recognizes the inherent authority of a trial court "to set aside a judgment for fraud upon the court":

> "This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under Rule 7 D(6)(d), or the power of a court to set aside a judgment for fraud upon the court."

We review a court's ruling under ORCP 71 C for abuse of discretion. *Hill v. Hill*, 323 Or App 458, 459, 523 P3d 163 (2022).

The gist of respondent's argument is that the SPO should have been set aside because petitioner lied in her testimony at the SPO trial, as shown by subsequently obtained evidence contradicting or undermining that testimony. Respondent argues that the trial court abused its discretion by not setting aside the SPO given, in his words, the "extraordinary record of fraud and misrepresentation by [petitioner]."

---

[1] The motion filed in the trial court cites "ORCP 71" generally, but respondent states in his opening brief that it was a motion under ORCP 71 C. We accept that representation, given that respondent's appellate counsel was also his trial counsel and filed the motion. We also note that, had the motion been filed under ORCP 71 B(1)(c)—the other provision of ORCP 71 regarding set-aside for fraud—it would have been untimely. *See* ORCP 71 B(1) (requiring a motion made "for reasons (a), (b), and (c)" to be filed not more than one year after receipt of notice of the judgment).

The trial court did not abuse its discretion by deny-ing respondent's motion to set aside the SPO. In fact, the trial court lacked authority to grant the motion in these circumstances. Under longstanding Oregon precedent, "a court's inherent authority does not extend to setting aside a judgment for all types of fraud. Rather, a court has the inherent authority to set aside a judgment for extrinsic fraud only." *Dept. of Human Services v. M. M. R.*, 296 Or App 48, 51, 437 P3d 1233, *rev den*, 365 Or 194 (2019); *see also Campbell and Campbell*, 151 Or App 334, 339, 948 P2d 765 (1997) ("Courts have inherent authority under ORCP 71 C to modify a judgment. However, that authority is limited to extraordinary circumstances such as extrinsic fraud, duress, breach of fiduciary duty or gross inequity.").

The distinction between intrinsic and extrinsic fraud—and the reason for that distinction—is well described in *Wimber v. Timpe*, 109 Or App 139, 146, 818 P2d 954 (1991):

"Relief will be granted on the basis of extrinsic fraud under ORCP 71 C but will be denied if the fraud is intrin-sic. Extrinsic fraud consists of acts not involved in the fact finder's consideration of the merits of the case. Relief is granted because the unsuccessful party has been pre-vented by the fraud from fully trying the case. As a result, there never has been a real contest of the subject matter of the litigation before the court. In contrast, intrinsic fraud consists of acts that pertain to the merits of the case, such as perjured testimony. Intrinsic fraud will not provide a basis for relief from a judgment, because the litigant had an opportunity to refute the representations. When that opportunity is not used, the litigant is denied relief because of a policy that there must be finality in litigation."

(Internal citation omitted.)

Since 2012, ORCP 71 B(1)(c) has given trial courts express authority to set aside judgments for both intrin-sic and extrinsic fraud. *See* ORCP 71 B(1)(c) (authorizing a trial court to relieve a party from a judgment due to "fraud (whether previously called intrinsic or extrinsic)"); *Heritage Properties v. Wells Fargo Bank*, 318 Or App 470, 481, 508 P3d 577 (2022) (explaining that, prior to a legisla-tive amendment to ORCP 71 B(1)(c) that took effect in 2012, "nearly 100 years of Oregon case law made clear that relief

from a judgment or order could only be granted for extrinsic fraud and not for intrinsic fraud"). Respondent did not make his motion under ORCP 71 B(1)(c), however, which is subject to a time limitation. *See* 326 Or App at 26 n 1. And, as we explained in *M. M. R.*, the legislative expansion of the trial courts' express authority under ORCP 71 B(1)(c) did not affect the scope of the trial courts' *inherent* authority referenced in ORCP 71 C, which is still limited to extrinsic fraud. *M. M. R.*, 296 Or App at 51 n 1 ("The amendment to ORCP 71 B does not affect our holding in *Wimber* as to the scope of a court's inherent authority.").

Here, respondent sought to prove that petitioner perjured herself in the SPO proceeding, thereby committing fraud on the court. Even assuming arguendo that the trial court agreed with respondent that petitioner committed fraud,[2] it was intrinsic fraud, not extrinsic fraud, and therefore did not provide a basis for set-aside under ORCP 71 C. *See Wimber*, 109 Or App at 146 (holding that the trial court lacked inherent authority to set aside a judgment based on a party having made fraudulent misrepresentations in court to obtain that judgment—even though we "strongly condemn[ed]" such conduct—because the "fraud was intrinsic and went to the merits of the case"); *see also M. M. R.*, 296 Or App at 52 (holding that the juvenile court lacked inherent authority to set aside a judgment, where a parent alleged that the Department of Human Services had given false testimony in court and otherwise engaged in intrinsic fraud, as that is not a basis for set aside under ORCP 71 C).

Affirmed.

---

[2] Respondent has requested *de novo* review. *See* ORS 19.415(3)(b) (giving us "sole discretion" to conduct *de novo* review of the facts in "an equitable action or proceeding"); ORAP 5.40(8)(c) (limiting *de novo* review to "exceptional cases"). Because the trial court's factual findings ultimately do not affect the disposition of this appeal, we decline that request. *See* ORAP 5.40(8)(d)(iv) (identifying as one consideration relevant to our decision whether to exercise *de novo* review "[w]hether the factual finding(s) that the appellant requests the court find anew is important to the trial court's ruling that is at issue on appeal (*i.e.*, whether an appellate determination of the facts in appellant's favor would likely provide a basis for reversing or modifying the trial court's ruling)").