58 February 22, 2024 No. 111

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Robert R. PARKER, JR.,
*Plaintiff-Appellant,*

*v.*

John D. BURNES
et al.,
*Defendants,*

*and*

John D. BURNS;
Miller Nash, LLP; John Kitzhaber; Chevron Industries;
Union Oil Company of California; Texaco, Inc.;
and Exxon Mobil Corporation,
*Defendants-Respondents.*

Multnomah County Circuit Court
880502842; A178691

Judith H. Matarazzo, Judge.

Argued and submitted September 29, 2023.

Robert R. Parker, Jr., argued the cause *pro se*. Also on the brief was Law Office of Robert R Parker, Jr., LLB, LLC.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent John Kitzhaber. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

B. John Casey argued the cause for respondents Chevron Industries, Union Oil Company of California, and Texaco, Inc. Also on the brief were Rachelle D. Collins and Stoel Rives LLP.

Anthony Copple and Sarah J. Ryan argued the cause for respondent Exxon Mobil Corporation. Also on the brief was Jackson Lewis P.C.

Shayna M. Rogers argued the cause for respondents John D. Burns and Miller Nash LLP. Also on the brief were Paul A. Berg and Cosgrave Vergeer Kester LLP.

Before Egan, Presiding Judge, and Mooney, Judge, and Kamins, Judge.

EGAN, P. J.

Affirmed.

**EGAN, P. J.**

Plaintiff appeals an order denying his motion to set aside a judgment and reinstate his defamation claims, which he brought against defendants and voluntarily dismissed in 1988. Plaintiff argues that the trial court erred, because he was entitled to relief from the judgment pursuant to ORCP 71 B and C. In addition, plaintiff argues that, due to systemic racism and bias in the Oregon courts, he has not been able to resolve his claims against defendants for over 30 years.

The legal question before us is a narrow one: whether the trial court erred when it denied plaintiff's motion to vacate the judgment and reinstate his defamation claims. We conclude that it did not err, because the Oregon Rules of Civil Procedure compelled it to reach that result.

At the outset, however, we highlight that in 2021, the Legislative Assembly in Senate Concurrent Resolution 22 ("SCR 22") determined that plaintiff was damaged by the allegations that underlie his defamation claims, that those allegations were "grounded in discrimination and racism," and that those allegations have been "determined to be unfounded[,] or [have] been dismissed or vacated." It bears mention that SCR 22 is a legislative resolution, not a judicial determination of wrongdoing reached after a trial on the merits. We also highlight that the trial court stated that the result in this case—the denial of plaintiff's motion to set aside the 1988 judgment and reinstate his defamation claims—did not provide what it "would consider to be justice" to plaintiff.

We do so because, although this court is aware of the need for stability and predictability in the administration of justice, and aware of the need for litigants to have a measure of finality when they receive a judgment, we are also cognizant of the historical and ongoing harm caused by racism, institutional and otherwise. This case is difficult, because it demonstrates that our desire for stability, predictability, and finality in the law, can, at times, operate to deny people, such as plaintiff, the opportunity to prove their allegations in court and obtain appropriate redress upon such proof.

Nevertheless, as noted, the legal question before us is a narrow one: whether the trial court erred when it denied plaintiff's motion to vacate the judgment and reinstate his defamation claims. We affirm the order on appeal because the trial court did not err when it determined that the Oregon Rules of Civil Procedure compelled it to deny plaintiff's motion to vacate and set aside the 1988 judgment.[1]

## STANDARD OF REVIEW

We review "whether a moving party has asserted a cognizable ground for relief under ORCP 71 B * * * for errors of law." *Kerridge v. Jester*, 316 Or App 599, 604, 502 P3d 1206 (2021), *rev den*, 369 Or 507 (2022). "[I]f we determine on appeal that the moving party has not asserted a valid basis for relief, our inquiry ends there." *Id*. at 604-05. If the moving party has asserted a valid basis for relief, then we review the trial court's determination for granting relief from a judgment under ORCP 71 B for abuse of discretion. *Id*. at 604. Likewise, "[w]e review a court's ruling under ORCP 71 C for abuse of discretion." *A. B. A. v. Wood*, 326 Or App 25, 26, 530 P3d 522 (2023) (citing *Hill v. Hill*, 323 Or App 458, 459, 523 P3d 163 (2022)).

## I.  BACKGROUND

The following summary of allegations are in plaintiff's First Amended Complaint and other pleadings filed in plaintiff's state and federal lawsuits. In the 1987 legislative session, Senator Jim Hill hired plaintiff to serve as the Committee Administrator for the Oregon Senate's Business Housing and Finance Committee of which Hill was the chair. During that session, Senate Bill 664 ("SB 664") was referred to the Committee, and various oil companies—including Chevron Industries, Union Oil Company, Texaco, Inc., and Exxon Mobil Corporation—opposed the bill. Shortly afterwards, plaintiff was accused of improperly soliciting money from lobbyists to start a business, using his legislative position to influence parking tickets, and using a lobbyist's credit card. On May 29, 1987, two uniformed officers with the Oregon State Police stopped

---

[1] Although plaintiff has no remedy through the court, our decision does not foreclose the possibility of a legislative remedy for the harms that plaintiff alleges he experienced over the last 30 years.

plaintiff when he arrived at work, and the officers denied plaintiff entry into his office. Then-Senate President John Kitzhaber informed plaintiff that he was placed on administrative leave pending the outcome of an investigation into plaintiff's activities.

The Oregon Attorney General's Office, the Oregon State Police, and the Marion County District Attorney's Office began widely publicized investigations of plaintiff based on those allegations. Plaintiff resigned from his position as committee administrator due to the "excruciating pressure" stemming from the investigations. The Marion County District Attorney's Office subsequently submitted the case to a grand jury for a felony indictment against plaintiff on three separate occasions, and the grand jury did not indict him. Afterwards, plaintiff was charged with three "unrelated" misdemeanors for filing false financial statements. The misdemeanor charges were later dismissed.[2]

After failing to indict plaintiff, the district attorney transmitted the investigation file to the Executive Director of the Oregon Government Ethics Commission ("OGEC") Betty Reynolds, and the OGEC prepared a report in which Reynolds included "highly inflammatory, prejudicial, derogatory, and irrelevant personal and private information about plaintiff * * *." Reynolds released the report to the press and the public—without plaintiff's consent—before the OGEC had approved the report and before confirming any of the allegations contained in the report. On December 8, 1987, plaintiff appeared at a probable cause hearing before the OGEC and responded to the allegations in the report. Plaintiff made a motion to strike the irrelevant background information as prejudicial and inflammatory. Without taking testimony, the commission passed a motion to accept Reynolds' recommendation that probable cause existed that plaintiff had violated the Oregon Ethics in Government Act.

---

[2] To resolve those charges, plaintiff signed a statement from the district attorney's office that "relieve[d]" Marion County District Attorney Dale Penn and Attorney General David Frohnmayer "from racially motivated intent by their conduct in the investigation and bringing of the criminal charges against plaintiff * * *." The statement also said that plaintiff admitted to gross errors in judgment regarding credit applications that served as the basis for those charges.

In May 1988, plaintiff filed a defamation claim in the Multnomah County Circuit Court, naming as defendants John Burns,[3] Miller Nash LLP, Senate President John Kitzhaber, Chevron Industries, Union Oil Company, Texaco Inc., and Exxon Mobil Corporation.[4] Burns worked as a lobbyist and lawyer with defendant Miller Nash, and in that role, he represented the oil companies named as defendants. Plaintiff alleged that Burns told Kitzhaber that plaintiff solicited money from Burns to start a business, and that that allegation led to the investigations against plaintiff. Plaintiff also alleged that defendants' conduct cost him his job with the Oregon Senate Committee, and that defendants' lies triggered a probe by the OGEC.[5] In September 1988, plaintiff voluntarily dismissed the lawsuit pursuant to ORCP 54 A(1).[6] The court entered a judgment dismissing plaintiff's claims and imposed sanctions against plaintiff for failing to appear for a court-ordered deposition.

Then, in 1988, plaintiff filed claims against defendants in the United States District Court for the District of Oregon based on the same allegations. The federal district court struck and dismissed most of the defendants and claims—although it denied Burns's motion to dismiss plaintiff's claim for tortious interference. The parties worked to settle that claim, and plaintiff signed a settlement agreement and release of claims on December 20, 1989, in exchange for $500. In that document, plaintiff released certain defendants "from any and all causes of action, * * * including but

---

[3] Although the case caption spells Defendant John Burns's name as "John *Burnes*," we spell Defendant Burns's last name as "Burns" throughout this opinion, because the "John Burns and Miller Nash Answering Brief" spells his name as such and, throughout the trial court record, his name is spelled as "Burns."

[4] Defendants Chevron Industries, Union Oil Company, Texaco Inc., and Exxon Mobil Corporation—who are named in this appeal—are referred to as the "oil companies" in this opinion. Plaintiff's 1988 complaint also named as defendants the Secretary of State Barbara Roberts, Attorney General David Frohnmayer, Marion County District Attorney Dale Penn, Executive Director of the OGEC Betty Reynolds, Mobil Oil Corp., Shell Oil Co., Atlantic Richfield Co., Jason Boe, the Oregon Petroleum Marketers Association, and Donald Fordyce.

[5] Plaintiff brought several claims against defendants including claims for conspiracy, ORICO, abuse of process, defamation, and tortious interference with economic relations.

[6] ORCP 54 A(1) permits a plaintiff to "dismiss an action in its entirety," and "[u]pon notice of dismissal or stipulation under this subsection, * * * the court shall enter a judgment of dismissal."

not limited to any claims in any way connected with or arising out of [plaintiff's] employment with or severance from employment with the Oregon State Legislature."[7] Plaintiff filed unsuccessful appeals in both the Multnomah County case and the federal district court case. Plaintiff also sought to void the release and reinstate his complaint in the federal district court. The district court denied those motions and the Ninth Circuit affirmed those decisions.

In 1990, plaintiff passed the Oregon State Bar Examination. The Board of Bar Examiners conducted an examination into plaintiff's character and fitness, and following the board's recommendation, the Oregon Supreme Court denied plaintiff's admission. Plaintiff argues that his admission was denied due to the false allegations against him.

Over 30 years later, the Oregon legislature passed SCR 22 during the 2021 Regular Session. In SCR 22, the Senate issued a formal apology to plaintiff for the role that racism and discrimination had played in the ultimately unfounded investigations against plaintiff and for the "31 years of damage wrongfully done" to plaintiff. The Senate made the following findings in SCR 22: (1) opponents of SB 664 sought to derail enactment of that legislation by making the false allegations against plaintiff; (2) the investigations into those allegations failed to yield evidence of an indictable offense, as the grand jury refused to indict plaintiff on three separate occasions; (3) the OGEC investigated plaintiff based on a letter from the Marion County District Attorney in which he expressly acknowledged that the letter was not a complaint, and without a complaint, the OGEC did not have proper jurisdiction to undertake that investigation; (4) the OGEC's investigation report contained references to plaintiff's race, faith, and interracial dating; (5) when plaintiff sought bar admission, the Board of Bar Examiners undertook an investigation to determine whether plaintiff had the requisite character and fitness, and members of that investigation team included people who had participated in past allegations against plaintiff and who had been named as defendants in plaintiff's previous lawsuits; and (6) plaintiff

---

[7] That release specifically named the following defendants: John Burns, Miller Nash LLP, the Oil Companies, and Richard Cantlin. Cantlin was not named as a defendant, but he was the subject of some of plaintiff's allegations.

suffers from the impacts of unfounded, dismissed, or vacated allegations "that are grounded in discrimination and racism." SCR 22 requested that the Supreme Court vacate its decision denying plaintiff's admission to the Oregon Bar and order plaintiff's admission. On December 23, 2021, the Supreme Court admitted plaintiff to the Oregon State Bar.

After SCR 22, plaintiff filed motions to vacate and set aside the judgment of dismissal and reinstate the 1988 defamation claim in Multnomah County Circuit Court. The court held a hearing, and plaintiff argued that ORCP 71 B[8] and C[9] gave the court authority to reinstate his defamation case. He argued that he had obtained new evidence (ORCP 71 B(1)) and that there had been a fraud upon the court based on a 1989 deposition of then-Governor Barbara Roberts, who testified that two defendants "may have participated in starting the story" (ORCP 71 C). Plaintiff requested that the court hold a hearing for the presentation of the new evidence.

The trial court rejected plaintiff's arguments. As it related to ORCP 71 B, the trial court determined that plaintiff's motion was untimely, because the rule gives only one year for a plaintiff to present new evidence after receiving the notice of the judgment. As for ORCP 71 C, the court determined that plaintiff's motion was too late based on the statute of limitations of each claim. In so ruling, the trial court judge stated that although Oregon Rules of Civil Procedure required that result, it did not provide "what [the trial court] would consider to be justice" to plaintiff.

---

[8] ORCP 71 B(1) states:

"[T]he court may relieve a party *** from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 64 F; (c) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party[.] *** The motion shall be made within a reasonable time, and for reasons (a), (b), and (c) not more than one year after receipt of notice by the moving party of the judgment."

[9] ORCP 71 C states:

"This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, *** or the power of a court to set aside a judgment *for fraud upon the court*."

(Emphasis added.)

The trial court then entered an order denying plaintiff's motion to vacate and reinstate his claim. Plaintiff now appeals that order.

## II.   DISCUSSION

On appeal, plaintiff argues that the trial court erred in denying his motion to vacate the previous judgment. He argues that (1) the trial court did not give appropriate weight to SCR 22 in evaluating his motion under ORCP 71 B and C, and (2) the trial court erred in determining that the time limitations of ORCP 71 precluded relief. We determine that plaintiff was not entitled to relief under ORCP 71, but that, even if he were, the release that plaintiff signed to resolve the federal district court claims precludes relief in this case as to most defendants.

We begin by addressing plaintiff's arguments relating to ORCP 71 B(1). That rule permits a court to relieve a party from a judgment due to "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 64(f)." ORCP 71 B(1)(b). Motions based on "newly discovered evidence" must be made within one year of a party's notice of the judgment. ORCP 71 B(1).

Plaintiff argues that the one-year time limitation of ORCP 71 B was tolled due to defendants' "fraudulent concealment" of evidence. In *MAT, Inc. v. American Tower Asset Sub, LLC*, a breach of contract case, we determined that, "a party claiming tolling based on fraudulent concealment must show that (1) the breaching party fraudulently concealed the fact of their breach and (2) notwithstanding reasonable diligence on the part of the nonbreaching party, the breaching party's wrongful conduct prevented the discovery of the breach." 312 Or App 7, 16, 493 P3d 14 (2021) (citing *Chaney v. Fields Chevrolet*, 264 Or 21, 26-27, 503 P2d 1239 (1972)).

We have never, however, applied equitable tolling based on fraudulent concealment to ORCP 71 B. Assuming without deciding that fraudulent concealment could toll the one-year time limit of ORCP 71 B, we conclude that plaintiff has not submitted evidence that would support a finding of fraudulent concealment. Fraudulent concealment requires

a plaintiff show that (1) the defendants fraudulently concealed the facts of the case, and (2) "notwithstanding reasonable diligence on the part of the [plaintiff], the [defendant's] wrongful conduct prevented the discovery of the [cause of action]." *MAT, Inc.*, 312 Or App at 17. On appeal, plaintiff argues that defendants fraudulently concealed evidence in their possession—"the very evidence relied upon by the Oregon Legislature during its consideration of SCR 22 and Oregon Supreme Court in its Conditional Admission to the Practice of Law of the Appellant[.]" But plaintiff does not provide information about what evidence the legislature relied on for SCR 22. Plaintiff also argues that the 1989 deposition of then-Governor Barbara Roberts, taken by plaintiff, shows that defendants fraudulently concealed the defamation claim, because Roberts said that Burns and Boe "may have participated in starting the story." But plaintiff knew that fact when he took the deposition in 1989, and it was one of the allegations that he made in his original complaint, so that "fact" was not concealed from plaintiff. In addition, plaintiff cannot meet the second requirement for fraudulent concealment. Plaintiff has filed numerous state and federal claims against defendants, which indicates that defendants' conduct did not prevent plaintiff from discovering the claims. Thus, even if we were to accept plaintiff's argument that fraudulent concealment tolls the one-year time limit of ORCP 71 B, plaintiff has not met the requirements for fraudulent concealment.

We also conclude that the trial court did not abuse its discretion in determining that ORCP 71 C does not provide plaintiff a basis for relief. Before the trial court, plaintiff argued that defendants lied about the purposes of the investigations against him. That type of "intrinsic fraud" does not provide a ground for setting aside the judgment. *See Dept. of Human Services v. M. M. R.*, 296 Or App 48, 51, 437 P3d 1233, *rev den*, 365 Or 194 (2019) ("A court's inherent authority does not extend to setting aside a judgment for intrinsic fraud, that is, fraud that consists of acts that pertain to the merits of the case, such as perjured testimony." (Citations and internal quotation marks omitted.)). Indeed, in *A. B. A.*, 326 Or App at 27, we concluded that a trial court lacks authority entirely to grant a motion under ORCP 71 C in circumstances such as these. We conclude that the trial

court did not err in denying plaintiff's motion to reinstate under ORCP 71 C.[10]

Finally, plaintiff signed a release in his federal case in which he agreed to release

> "any and all claims asserted, or which could have been asserted, in Civil No. 88-1089-FR in the United States District Court for the District of Oregon and in Case No. A8805-02842, initially filed in Multnomah County Circuit Court and transferred to Marion County Circuit Court, together with any appeal thereof."[11]

Even if ORCP 71 B or C provided plaintiff a basis to set aside the judgment, which they do not, plaintiff's claims against most of the defendants would have been barred by his signed release that covered the defamation claim. *See Ristau v. Wescold, Inc.*, 318 Or 383, 387, 868 P2d 1331 (1994) ("[W]e will enforce an unambiguous release that covers the claim at issue.").

### III. CONCLUSION

In the end, we conclude that the trial court did not err when it denied plaintiff's motion to vacate and reinstate his defamation claim. As explained above, that result is required by the Oregon Rules of Civil Procedure.

Given the determinations in SCR 22, including the determination that the allegations against plaintiff were grounded in racism and discrimination and caused 31 years of damage to plaintiff, we emphasize that we share the trial court's view that the result in this case, although required, does not provide substantial justice to plaintiff. Indeed, this case may demonstrate that the law, as it stands, is an imperfect instrument in the pursuit of racial justice. Nevertheless, given the law and the record, we are compelled to affirm the trial court's ruling.

Affirmed.

---

[10] Because the trial court lacked authority to grant the motion under ORCP 71 C, we do not need to discuss the trial court's rationale for denying the motion.

[11] As we previously noted, that release specifically named Burns, Miller Nash LLP, the Oil Companies, and Cantlin. Kitzhaber was not included in the release, and the claims against him had already been dismissed at the time of the release; but as we previously concluded, the trial court did not err in denying reinstatement under ORCP 71 B and C.