784 November 13, 2025 No. 980

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Janice R. DYSINGER,
*Plaintiff-Appellant,*

*v.*

WILMINGTON FUND SAVINGS SOCIETY FSB,
dba Christiana Trust, not individually but as Trustee for
Carlsbad Funding Mortgage Trust;
Deutsche Bank National Trust Company;
and Rushmore Loan Management Services, LLC,
*Defendants-Respondents.*
Multnomah County Circuit Court
22CV31688; A182229

Beth A. Allen, Judge.

Argued and submitted May 20, 2025.

Paul Janzen argued the cause for appellant. Also on the brief was Revealing Justice, LLC.

Michael J. Farrell argued the cause for respondent. Also on the brief were David W. Cramer and MB Law Group, LLP.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Plaintiff appeals a judgment that dismissed her case with prejudice based on a trial court order granting defendant's motion to dismiss under ORCP 21 A(1)(c).[1] Plaintiff raises four assignments of error. In the first and third assignments of error, plaintiff effectively argues that the trial court erred in concluding that the fraud that petitioner alleged in her complaint—that two witnesses had perjured themselves—was intrinsic fraud rather than extrinsic fraud. Intrinsic fraud does not provide a basis to disturb a prior judgment, but extrinsic fraud may, in some circumstances. We conclude that the trial court did not err, because the alleged perjury constituted intrinsic fraud. We reject the second and fourth assignments of error without discussion because they are unpreserved. Accordingly, we affirm.

Plaintiff argues in her first assignment of error that the trial court erred when it granted defendant's ORCP 21 A motion to dismiss rather than exercising its inherent authority under ORCP 71 C[2] "to modify the judgment due to gross inequity." In her third assignment of error, plaintiff argues that the trial court incorrectly concluded that the alleged fraud was intrinsic rather than extrinsic when it refused to modify the judgment under ORCP 71 C. Plaintiff's first and third assignments of error turn on plaintiff's contention that the fraud alleged in her complaint constitutes extrinsic fraud.

We review a trial court order granting a motion to dismiss under ORCP 21 A(1)(c) for legal error. *Webb v.*

---

[1] ORCP 21 A provides, in relevant part:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, cross-claim, or third party claim must be asserted in the responsive pleading thereto[.]

    "A(1)  The following defenses may, at the option of the pleader, be made by motion to dismiss:

    "* * * * *

    "(A)(1)(c)  that there is another action pending between the same parties for the same cause[.]"

[2] ORCP 71 C provides:

"Relief from judgment by other means. This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under Rule 7 D(6)(d), or the power of a court to set aside a judgment for fraud upon the court."

*Underhill*, 174 Or App 592, 597, 27 P3d 148 (2001). "We assume the truth of all allegations in the pleading and view the allegations, as well as all reasonable inferences, in the light most favorable to the nonmoving party." *Strizver v. Wilsey*, 210 Or App 33, 35, 150 P3d 10 (2006), *rev den*, 342 Or 474 (2007) (citing *Granewich v. Harding*, 329 Or 47, 51, 985 P2d 788 (1999)).

After a judicial foreclosure proceeding between the parties, including a bench trial on the merits, the trial court entered a foreclosure judgment in favor of defendant. More than one year after the judgment became final, plaintiff filed the complaint at issue in this case, seeking to set aside the foreclosure judgment. Plaintiff's complaint was based on claims that two of defendant's representatives who testified in the prior judicial foreclosure proceeding committed perjury by lying about the characteristics of the mortgage note and alonges by testifying that the note held by defendant was original and had three alonges. Plaintiff also alleged that her expert witness testified at trial that the note was not an original.

Defendant filed a motion to dismiss under ORCP 21 A(1)(c) on the ground that plaintiff was attempting to relitigate claims she had already lost in the foreclosure proceeding. The trial court granted the motion to dismiss. The court explained that plaintiff was asking for relief from the foreclosure judgment based on allegations that defendant's witnesses had committed perjury, even though plaintiff framed the issue as a new case initiated by a new complaint. Because perjured testimony constitutes intrinsic fraud, the trial court concluded that it lacked the authority to grant relief from the judgment, relying on *Wimber v. Timpe*, 109 Or App 139, 818 P2d 954 (1991).

Plaintiff argues on appeal that the trial court should have exercised its inherent power to modify the prior judgment under ORCP 71 C instead of granting defendant's motion to dismiss.

In *Wimber*, we explained that under the court's inherent power codified in ORCP 71 C, "[r]elief will be granted on the basis of extrinsic fraud under ORCP 71 but

will be denied if the fraud is intrinsic." *Id* at 146. "Extrinsic fraud consists of acts not involved in the fact finder's consideration of the merits of the case." *Id*. (citing *Johnson v. Johnson*, 302 Or 382, 384, 730 P2d 1221 (1986)). "In contrast, intrinsic fraud consists of acts that pertain to the merits of the case, *such as perjured testimony*." *Id*. (emphasis added). Even if a party acts fraudulently, if that "fraud was intrinsic and went to the merits of the case," it is not a basis for relief under ORCP 71 C. *Id*. Our long-standing precedent establishes that perjured testimony constitutes intrinsic fraud and does not provide grounds for a trial court to grant relief from a judgment. *A. B. A. v. Wood*, 326 Or App 25, 27, 530 P3d 522 (2023) (quoting *Wimber*, 109 Or App at 146).

Here, the testimony that plaintiff alleged was perjured is intrinsic fraud and cannot be the basis for providing relief from judgment under ORCP 71 C.[3] Therefore, viewing the facts in the light most favorable to plaintiff, the alleged perjury is intrinsic fraud and the trial court did not err in granting defendant's motion to dismiss and refusing to exercise its authority under ORCP 71 C to modify the foreclosure judgment.

Affirmed.

---

[3]  We note that ORCP 71 B(1) provides an avenue for setting aside a judgment based on intrinsic fraud, but only "within a reasonable time" and "not more than one year after receipt of notice * * * of the judgment."